## WALL *v*. CITY OF MUNCIE ET AL.

[No. 25,772.   Filed May 28, 1929.]

*McClellan, Hensel & Guthrie,* for appellant.
*Orr & Clark, A. M. Henderson, Arthur D. McKinley* and *George A. Koons, Jr.,* for appellees.

TRAVIS, J.—This is a suit in equity to annul and to set aside the action of the board of public works of appellee city, which accepted a sewer as completed, according to contract by and between the city and the contractor, to annul the assessments and to decree them null and void and canceled, to quiet title to appellant's lands against the assessments, and to perpetually enjoin all appellees from collecting the assessments, for the reasons that the sewer had not been constructed, and the contractor had not given the maintenance bond, as provided by the contract.

The suit is by appellant, whose real estate was assessed to aid in paying the cost of the sewer, against appellee city, its board of public works, and the individual members thereof, its officers, viz., the mayor, the comptroller, the treasurer, and The Harris-Andrews-Henderson Company, which company is the contractor.

Such action was taken by appellee city, through its board of public works, pursuant to statute, which resulted in the letting of the contract involved to appellee contractor; the acceptance of the sewer as completed according to the contract; and the levying and confirmation of assessments of benefits to defray the cost of the sewer.

Upon trial the facts were found specially, from which conclusions of law were stated, viz.:

"(1). That the law is with the plaintiff.

"(2). That the defendants and each of them should

be enjoined from enforcing or attempting to enforce, collecting or attempting to collect, the assessments or any one of the assessments or any part of the assessments contained in said final assessment roll for the construction of said sewer, as against the plaintiff or as against any of the lands described in plaintiff's complaint and lying in said drainage district heretofore described in the special findings of fact, until the dirt in and under and around the tile composing said sewer at or placed along the line of the seventy-two inch and forty-eight inch sewer be carefully tamped and rammed solidly around and under said tile and until a proper maintenance bond in such sum as in the contract provided for with resident sureties thereon, with the Board of Public Works of the City of Muncie be filed by the contractor and approved by said Board and by the judge of the Delaware Superior Court.

"(3). That the plaintiff is entitled to recover his costs in this action from the defendants herein."

Thereupon, the court rendered its order or decree, viz.: "It is therefore considered, adjudged and decreed by the court that the defendants, and each of them should be, and are hereby enjoined from enforcing or attempting to enforce, collecting, or attempting to collect, the assessments, or any one of the assessments or any part of the assessments contained in said final assessment roll for the construction of said sewer, as against the plaintiff or as against any of the land described in plaintiff's complaint and lying in said drainage district described in the special finding of facts herein, until the dirt in and under and around the tile composing said sewer at or placed along the line of the seventy-two inch and forty-eight inch sewer be carefully tamped and rammed solidly around and under said tile, and until a proper maintenance bond in such sum as in the contract provided for, with resident sureties thereon, be filed by

the contractor with the Board of Public Works, of the City of Muncie, Indiana, and approved by said board and by the judge of the Delaware Superior Court.

"It is further adjudged that the plaintiff recover of the defendants his costs in the proceeding, taxed at $————."

Errors upon appeal are pleaded on exceptions to the conclusions of law, which are not considered because the appeal was not in time after judgment to give jurisdiction here.

Appellees move to dismiss the appeal for the reasons: (1) That the decree or judgment from which this appeal is taken is not final; and (2) the decree or judgment being an interlocutory order for a temporary injunction against appellees, the time within which an appeal therefrom may be taken is thirty days from the time the order was made. Acts 1921 p. 741, §§712, 713 Burns 1926. The order was made June 12, 1924. The transcript for appeal was filed April 24, 1925.

The first conclusion of law determines the law of the case upon the issues to be tried, but it is not a decree or judgment. In some jurisdictions, but by virtue of statute, it has been held that the findings of fact and conclusions of law, when signed and filed, amount in law to the rendition of judgment. (Freeman, Judgments [5th ed.] §48.) The statute in this jurisdiction (§394 Code of Civil Procedure, Acts 1923 p. 254, §603 Burns 1926) provides that, besides the special finding of facts and conclusions of law, judgment must be entered. A decree or judgment was not entered according to the first conclusion of law. The decree in the record relates solely and exclusively to what is termed in the record the "second conclusion of law," and, incidentally, but not of controlling force on appeal, to the third conclusion of law; and it is in the language and wording of the second conclusion of law, except that part

of it which relates to costs, which is according to the third conclusion of law. It is not in any sense according to the first conclusion of law. The decree does not relate to the first conclusion of law. What should be a part of the judgment may not be inferred to make a foundation for the decree which orders an injunction, which is not permanent, but is subject, by its language, to the possible contingency which is plainly set forth in it.

The issue to be decided which is controlling is whether or not the sewer had been completed according to contract. Upon this issue, the special finding is that it was not completed according to contract, that thereby plaintiff suffered irreparable, material injury and damage, and that the enforcement or collection of the assessments against plaintiff's property, without repairing the sewer, constitutes a fraud on plaintiff, and, upon this finding, the first conclusion of law may rest. It must follow that the acceptance by the board of public works of the work of building the sewer was premature, and that such acceptance was obtained before the work had been completed as agreed. The decree, had there been one, rendered upon a conclusion of law upon such fact, would be to the effect of annulling the acceptance of the work and also the assessments. Such a decree would have been final, but there is no such decree. The injunctive relief sought is merely ancillary and incidental to the main issue of the case, and depends upon it. If the work of building the sewer were completed according to law and the contract, relief by injunction in this case could not be given. If the trial of the issues of the case was complete and final, and the result found in favor of appellant, as is the case here, a decree rendered upon such result—the first conclusion of law—would support injunctive relief. If the work of building the sewer was not completed, as the law and the contract required, there could be no valid assessment

of benefits. Until there be a decree upon the issues made by the pleadings, on which decree an injunction may be granted or denied, there is not a final adjudication of the issue to be tried and determined.

A judgment or decree, to be final within the meaning of the word "judgment" in the statute (§628 Civil Code, Acts 1881 p. 352, §695 Burns 1926) must terminate the litigation between all the parties on the issues of the case made by the pleadings, so that if the judgment or decree be affirmed, the court which had initial jurisdiction, and to which court jurisdiction is revived upon the case being remanded, would have nothing to do but to execute the judgment or decree it had rendered. *Bostwick* v. *Brinkerhoff* (1882), 106 U. S. 3, 27 L. Ed. 73, 1 Sup. Ct. 15; *Keystone Manganese & Iron Co.* v. *Martin* (1889), 132 U. S. 91, 33 L. Ed. 275, 10 Sup. Ct. 321; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 82 N. E. 461.

The decree is not final. This appeal having been taken more than 30 days (§§712 and 713 Burns 1926) after the date the decree which granted the temporary injunction was rendered, this court is without jurisdiction, and the appeal is therefore dismissed.