PHILLIPS *v.* TOWNSEND, ADMINISTRATOR

[No. 17,291—Filed October 10, 1944]

*Chauncey W. Duncan* and *Kiplinger & Kiplinger,* all of Rushville, for appellant.

*David A. Myers* and *Tremain, Woodfill & Goddard,* all of Greensburg, for appellee.

CRUMPACKER, J.—On the 7th day of May, 1943, the appellee, as administrator of the estate of Sarah A. Bailey, deceased, filed his report in final settlement of said estate in the Decatur Circuit Court. The appellant filed exceptions thereto alleging that he is an heir at law of the said decedent and that said final report ignores him as such and if the same is approved he will be deprived of his inheritance. On change of

venue the issues were tried to the Rush Circuit Court wherein it was adjudged that the appellant has no interest in the decedent's estate and is not her heir at law. Appellant's motion for a new trial was overruled on April 12, 1944, and he prayed an appeal to this court. The same was granted and he asked for and was given 60 days in which to present and file all bills of exceptions. No bill of exceptions was filed, however, until July 11, 1944—30 days after the expiration of the time given. The transcript of the record, containing a general bill of exceptions, was filed in this court within 90 days from the date the motion for a new trial was overruled. By proper motion the appellee now asks us to dismiss this appeal on the theory that the general bill of exceptions containing the evidence is not a part of the record and that, as all questions presented by the assignment of errors rest upon such bill of exceptions, we have no question before us for decision.

The solution of the question presented by this motion depends upon the construction of Rules 2-2 and 2-3, 1943 Revision. The appellee contends that when the appealing party asks for and is given time for filing a bill of exceptions and fails to do so within the time prescribed by the court, said bill of exceptions does not become a part of the record notwithstanding the fact that the filing of the same at a later date was approved by the trial court and the transcript of the record was filed in this court within 90 days as provided in Rule 2-2. In other words, the appellee insists that said rules do not concern when and how bills of exceptions shall be made a part of the record. Prior to the effective date, September 6, 1943, of the Rules 1943 Revision there may have been some merit to such contention. That, of course, we do not decide. Since September 6, 1943, it seems clear that

Rules 2-2 and 2-3, supra, govern all appeals without regard to statutory provisions except where the particular statute under which an appeal is taken provides less than 90 days for the filing of the transcript in this court. All distinctions between term-time and vacation appeals are abolished and it is no longer necessary to ask for time within which to file bills of exceptions even though the time required will carry beyond the term in which judgment was entered or the motion for a new trial was overruled. All that is necessary is that such bills of exceptions be settled and filed in the trial court in time to be incorporated in the transcript and filed in this court within 90 days from the date judgment was entered or the motion for a new trial was overruled, unless there is a special statute governing the particular appeal which statute provides less time. The statute governing appeal in matters pertaining to decedents' estates, § 6-2002, Burns' 1933, § 3278, Baldwin's 1934, in no manner curtails the time given by the Rule. The fact that one asks for and is given a certain time within which to file a bill of exceptions does not, of course, abrogate Rules 2-2 and 2-3, nor in our opinion does it waive his rights thereunder.

It has not been our custom nor are we required to file written opinions on motions to dismiss appeals where the same are overruled. We do so in this instance only because the motion herein involves the construction of the Rules on a question that heretofore has had no expressed judicial interpretation.

The motion to dismiss is overruled.

Note.—Reported in 56 N. E. (2d) 856.