POE *v.* POE ET AL.

[No. 18,230. Filed October 5, 1951. Rehearing denied January 21, 1952.]

*Brown & Shadle,* of Marion, and *Albert W. Ewbank,* of Indianapolis, for appellant.

*Campbell, Gemmill, Browne, Ewer & Torrance,* all of Marion, for appellees.

MARTIN, C. J.—The appeal in this case is from a finding of the trial court as follows:

"The finding and judgment as per written decree is now filed with the Court, which said decree reads in the words and figures following, to-wit:

"The Court now finds that the allegations of the petition are true, and defendant is an inhabitant of Grant County, Indiana, and that the defendant is the owner of approximately 161.67 acres of land in Grant County, Indiana, which has a value in excess of $150.00 an acre, and that she is the owner of personal property in excess of $10,000.00. The Court further finds the defendant, who became seventy-five years of age in March, 1951, because of age and physical infirmity is incapable of managing her estate and that a guardian should be appointed for that purpose.

> "Byron C. Kennedy
> Special Judge, Grant
> Circuit Court."

Thereafter a motion for a new trial was filed in the trial court and the court overruled said motion for a new trial.

Appellees have filed a motion to dismiss this appeal for the reason that the same is not based upon a final judgment from which an appeal can be taken to this court.

Burns' 1946 Replacement, §2-3201, provides for an appeal from all final judgments, except in certain actions of a class not involved here. There are some exceptions to this general rule provided by the statute cited, where appeals are authorized from certain interlocutory orders, but this case does not fall within any of those exceptions. See Burns' 1946 Replacement, §2-3218.

A judgment or decree, to be final within the meaning of the word "judgment" in the statute, Burns' 1946 Replacement, §2-3201, must terminate the litigation between all the parties on the issues of the case made by the pleadings so that if the

judgment or decree be affirmed, the court which had initial jurisdiction, and to which court jurisdiction is revived upon the case being remanded, would have nothing to do but to execute the judgment or decree it had rendered. *Wall* v. *City of Muncie* (1929), 201 Ind. 170, 166 N. E. 659, and cases there cited.

> "A final judgment is one which determines the rights of the parties in the suit, or a distinct and definite branch of it, and reserves no further question or direction for future determination."

*Home Electric Light and Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174, 44 N. E. 191; 12 Am. and Eng. Ency of Law, p. 63, and cases cited; 1 Black on Judgments, §§21, 31, 46; *Thomas, Admr.* v. *Chicago etc., R. W. Co.* (1894), 139 Ind. 462, 39 N. E. 44.

In the case of *Cochran* v. *Sloan, Auditor* (1934), 99 Ind. App. 408, 192 N. E. 772, this court said:

> "It makes no difference how decisive may seem the ruling of a trial court as indicative of what the final judgment will be, for until there is such a final judgment no appeal can be properly taken, as appeals lie from final judgments only, except as otherwise provided by statute."

As the transcript does not show that a final judgment was rendered, the appeal was prematurely taken, and the same should be, and is dismissed.

NOTE.—Reported in 100 N. E. 2d 899.