GUTHRIE *v.* BLAKELY ET AL.

[No. 29,176. Filed April 4, 1955.]

*Thomas Hart Fisher,* of Chicago, Ill., and *Frederick K. Baer,* of South Bend, for appellant.

*Lenn J. Oare* and *Seebirt, Oare & Deahl,* of South Bend, for appellees, Catherine Blakely and Lucius M. Wagner.

ACHOR, J.—This action, from the facts alleged and the relief sought, must be classified as a suit to quiet title.

However, each of the several paragraphs of the unverified complaint prayed that the "defendants be temporarily and permanently restrained and enjoined . . . from asserting or claiming any right, title or interest in or to said real estate."

To these paragraphs of complaint appellee filed numerous paragraphs of answer. To these paragraphs of answer appellant filed commensurate paragraphs of reply. To appellant's reply appellees filed a demurrer—which was sustained by the court. Appellant refused to plead further, whereupon the court "Ordered and Adjudged that the plaintiff (appellant) take nothing of the said Catherine Delores Blakely and Lucius M. Wagner by reason of her . . . complaint . . . and that the defendants . . . recover . . . their costs . . ."

Did these facts present an issue which is appealable to this court? Was the "take nothing" judgment an *interlocutory order* refusing to grant a *temporary injunction*? Only such orders are made appealable to this court by §4-214, Burns' 1946 Repl. and §2-3218, Burns' 1946 Repl.

At the outset we are confronted by the fact that no separate issue as to a temporary injunction was ever presented to the trial court and, further, that the decree did more than deny mere temporary injunction. Rather, the pleadings placed in issue the merits of appellant's case in chief. *The "take nothing" judgment denied appellant any right to any relief whatsoever.* Therefore, if, under the facts, we were to concede that an issue to a temporary injunction was before the court, we would certainly not entertain an appeal upon that issue after it had been finally determined by the court that appellant was not entitled to a *permanent injunction* with respect to the same subject-matter and had also decreed that appellant had no

interest in the subject-matter of the action as against appellees. ". . . *Appeals from permanent injunctions are appealable to the Appellate Court, as final judgments, and not to the Supreme Court, unless the Supreme Court has jurisdiction for some other reason, such as a constitutional question being involved. State ex rel. Board, etc.* v. *Hayes* (1950), 228 Ind. 286, 91 N. E. 2d 913." Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, ch. 41, §2159, p. 39; See also, *Inheritance Tax Div.* v. *Estate of Callaway* (1953), 232 Ind. 1, 110 N. E. 2d 903; *Wall* v. *City of Muncie* (1929), 201 Ind. 170, 166 N. E. 659.

This was a final adjudication upon the issue of injunctive relief or any other relief as between all parties to this appeal. Therefore, if the judgment is an appealable judgment the appeal must be taken to the Appellate Court under §4-217, Burns' 1946 Repl. (Acts 1901, ch. 247, §13, p. 565.)

Appellee contends that the judgment is not a final appealable judgment and therefore that the appeal should be dismissed. Our attention has been called to numerous early cases which have held that a judgment is not appealable until it disposes of *all issues* as to *all parties* in the case. However, all recent cases, in both this court and the Appellate Court, have uniformly held that a judgment may be final and appealable even if it does not dispose of all the issues as to all the parties in the trial court, provided it disposes of "a distinct and definite branch" of litigation. In the case of *Bozovichar* v. *State* (1952), 230 Ind. 358, 363, 103 N. E. 2d 680, this court stated the rule as follows:

". . . There are cases wherein an issue distinct, entire and complete within itself may be formed; an issue divisible and distinct from all others, the

decision of which does not effect the main action. Where an order completely puts an end to the particular issue and fully and finally settles the rights of the parties as to it, then it may be considered as final judgment and not as a non-appealable interlocutory order. Elliot's Appellate Procedure, §99, p. 79."

Also, in *Pokraka* v. *Lummus* (1952), 230 Ind. 523, 528, 104 N. E. 2d 669, 671, this court more fully stated the rule, as follows:

"It is not presumed that the court will dispose of a case piecemeal by entering successive final judgments, and a judgment is not final unless it determines the rights of the parties in the suit, *or a distinct and definite branch thereof,* and reserves no further question or direction for future determination. *Bozovichar* v. *State* (supra) ; *Ebenezer Old People's Home* v. *Bernhard* (1935), 100 Ind. App. 636, 642, 196 N. E. 129; *Ragle* v. *Dedman* (1910), 45 Ind. App. 693, 695, 91 N. E. 615; *Home Electric Light and Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174, 175, 44 N. E. 191." (Our italics.)

". . . Where, as here, issues of fact are joined on a complaint of two or more paragraphs, and trial is by the court and during the trial the court, at different times, makes and enters separate decisions on any one or more of said paragraphs of complaint, there should be, at the discretion of the aggrieved party, but one motion for a new trial which can be filed at any time within thirty days from the date on which the last of such decisions is entered. This rule should apply whether said paragraphs of complaint state separate and distinct causes of action or are the statement of different theories of the same cause."

To the same effect are *Greathouse* v. *McKinney* (1942), 220 Ind. 462, 44 N. E. 2d 344, and *Zumpfe* v. *Piccadilly Realty Co.* (1938), 214 Ind. 282, 13 N. E. 715, both of which are decisions of this court; and *Phillips* v. *Townsend* (1944), 115 Ind. App. 273, 56

N. E. 2d 856, and *Superior Realty & Building Co.* v. *First National Bank* (1944), 115 Ind. App. 639, 56 N. E. 2d 855; See also, Flanagan, Wiltrout & Hamilton's Indiana Trial and Appellate Practice, ch. 41, §2153, p. 25, *Comment* 11.

We conclude that the judgment herein is a final appealable judgment. Therefore, pursuant to §4-217 Burns' 1946 Repl., this case is transferred to the Appellate Court.

Henley, C. J., not participating.

NOTE.—Reported in 125 N. E. 2d 437.