RICHARDS ET UX *v.* CROWN POINT COMMUNITY SCHOOL CORP. ET AL.

[No. 570S105. Filed May 3, 1971.]

*Kenneth D. Reed,* of Hammond, for appellants.

*Edmond J. Leeney, Dennis J. Stanton, Galvin, Galvin & Leeney,* of Hammond, for appellees.

PER CURIAM—This matter comes before us on a petition for rehearing of a direct appeal to this court from a granting of a motion for a summary judgment.

Appellants Richards were the holders in fee of certain real estate situated in Lake County, Indiana. In 1953, the land was appropriated by proper procedure to the use of the School City of Crown Point and appellants were compensated

accordingly. In 1969, the school corporation sold the land to appellee Schmal when it was determined that the property was no longer needed for school purposes. Appellants filed an action claiming that appellee school corporation had taken what amounted to a determinable fee and that the property should revert to them if it was no longer needed for educational purposes. Also challenged was the manner in which the sale to appellee Schmal was conducted and other matters not pertinent here.

Appellees filed a motion for summary judgment which was granted by the trial court. The content of the ruling was as follows:

> "And now the parties by agreement stipulate that the description of the land contained in plaintiff's complaint in this cause is correct and is the real estate in question. And now the court FINDS AND ADJUDGES that said motion for summary judgment should be sustained and the Court specifically FINDS AND ADJUDGES that the title in fee simple to said real estate is in the Crown Point Community School Corporation in Lake County, and the Court FURTHER FINDS AND ADJUDGES that all matters not pertaining to the title of said real estate are at issue in this cause upon said complaint and the answers files (sic) thereto."

A motion to correct errors was not filed in the trial court.

Appellant then brought the matter before this court on a direct appeal. The appellees filed a motion to dismiss the matter here on the ground that since the trial court order constituted a final judgment as to the fee to the real estate a motion to correct errors should have been filed and an appeal taken to the Appellate Court. Appellant, on the other hand, contended that since the order of the trial court was interlocutory that no motion to correct errors was necessary under the procedural rules and a direct appeal before this court would lie.

We granted the motion to dismiss without opinion.

To apprise the parties more fully of the basis of our holding we take the occasion of the filing of the petition for rehearing to clarify our previous ruling.

The issue here presented may be resolved by reference to earlier decisions with regard to what constitutes an interlocutory order.

An interlocutory order is one made before the final hearing on the merits. It requires something to be done or observed but does not determine the entire controversy. *Bahar* v. *Tadros* (1954), 234 Ind. 302, 123 N. E. 2d 189.

In *Smith* v. *Zumpfe* (1940), 217 Ind. 431, 27 N. E. 2d 878 an order for the sale of real estate had been made with the trial court reserving the jurisdiction to refuse to confirm a transfer made pursuant thereto. On motion to dismiss an appeal from that ruling this court held the order there was interlocutory and not final. The reason for the holding was the retention of the power in the court to deny validity to a resulting sale. The opinion goes on to note that it is the *character* of an order that determines its classification as final or interlocutory.

In *Smith* v. *Zumpfe, supra,* the same of *Zumpfe* v. *Piccadilly Realty Company* (1938), 214 Ind. 282, 13 N. E. 2d 715 is distinguished. It was noted that in the latter holding a motion for an order to direct a trustee to sell assets of a trust was denied after a hearing. Such a denial, it was held, was properly regarded a final order in that the matter ruled upon was put to rest. The court had reserved no jurisdiction as to some feature of the subject ruled upon. It determined the controversy there in issue and denied the cross petition.

We need go no further to indicate that it is a *putting to rest* of an issue that renders it appealable as a final order. The question then becomes one of whether such action was taken in the present case. We find the appellants' words as used in their brief in opposition to the motion to dismiss as expressive as any:

"In the case at bar it is obvious that no matter what the ultimate decision is on the question of the propriety of the sale, *the real crux of the problem is who owns title* to the real estate. That is what is on appeal here. *The trial court has decided that issue with all finality possible.*" (our emphasis)

Having made, as appellants concede, a *final* determination of the question of the ownership of the fee by means of the summary judgment, an appeal under the interlocutory procedure was improper. A motion to correct errors was the proper avenue to appellate review. TR. 59 (G).

Appellants rely in part upon the fact that their challenge to the *manner* in which the land was sold has not been determined to support their position that the order below was interlocutory and not final. However, as expressed in *Guthrie* v. *Blakely* (1955), 234 Ind. 167, 125 N. E. 2d 437.

". . . a judgment may be final and appealable even if it does not dispose of all the issues as to all the parties in the trial court, provided it disposes of 'a distinct and definite branch' of the litigation." 234 Ind. at 170; 125 N. E. 2d at 438.

In the case at hand the separate and distinct issue of who has the fee simple title to the land in question has been decided by the trial court's grant of summary judgment. Being a final order as to the issue ruled upon, the proper procedural approach was appeal to the Appellate Court by way of a motion to correct errors.

In passing we note specifically that we regard summary judgments of either the whole of a cause of action *or,* as is allowed by TR. 56 (C), of a specific and distinct portion thereof as being final orders under our procedural rules. As such their review will lie through the usual appellate process after the filing of a motion to correct errors. TR. 59 (G).

Of further motion here is the fact that, even if it were an interlocutory order and not a final judgment, the ruling of

the trial court did not deal with a subject which would render the order an *appealable* interlocutory order as this court defines that term.

We refer to the provisions embodied in Acts of 1969, ch. 191, Sec. 1, Rule 72b, IC 1971, 34-5-1-Rule 72(b). As is provided there:

"(b) Appeals from interlocutory orders. An appeal to the Supreme Court may be taken from an interlocutory order of any trial court or judge thereof in the following cases:

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action;

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions;

(4) Orders and judgments upon writs of habeas corpus; or

(5) Any other interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that: A. The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) (sic) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or C. The remedy by appeal after judgment is otherwise inadequate. The petition for an appeal under subsection (5) of subdivision (b) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any."

We mention the viability of these provisions to dispel any uncertainty which may result from their exclusion from the publication entitled "Indiana Rules of Procedure". Their absence from the handy reference form of our procedural rules is no reflection upon their continued existence but, in all

candor, represents a judicial oversight, one which we hereby deem corrected.

For all the foregoing reasons the court hereby finds that, the order and judgment as to the fee simple title in question having been a final order, the proper route of appeal lay in the filing of a motion to correct errors and a review before the Appellate Court. TR. 59 (G).

The motion previously granted to dismiss the direct appeal to this court is therefore re-affirmed.

Rehearing denied.

Prentice, J., not participating; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—At the time appellants' counsel was required to decide whether to make a motion to correct errors, TR. 59 was only three months old and had not been interpreted by this Court. The rule does not specifically state that a motion to correct errors is a necessary condition precedent to appeal following the entry of a summary judgment. Conflicting appellate court opinions interpreting our former rule governing the motion for new trial existed at the point in time when this lawyer had to act.

Under these circumstances I would not apply the interpretation given TR. 59 for the first time today, to this case, and would, therefore, vote to deny this motion to dismiss as I did on September 13, 1970, when this Court entered its order dismissing this appeal.

NOTE.—Reported in 269 N. E. 2d 5.