GERRY J. ANTHROP AND ROSE ANTHROP v.
TIPPECANOE SCHOOL CORP., ET AL.
[No. 870A125, 1170S282. Filed January 4, 1972.
Rehearing denied March 14, 1972.]

*Thomas W. Munger*, of Lafayette, for appellants.

*Paul D. Ewan, Schultz, Ewan and Burns, James V. Mc-Glone, Stuart, Branigin, Ricks & Schilling*, of Lafayette, for appellees.

HUNTER, J.—This matter comes before us on transfer, pursuant to A.P. Rule 15(L), said appeal having initially been erroneously submitted to the Appellate Court.

This action arose out of a condemnation proceeding filed in the Tippecanoe Circuit Court by the Tippecanoe School Corporation, Appellee, in which the school corporation sought to condemn 20.10 acres of land owned by Gerry J. Anthrop and Rose F. Anthrop, Appellants herein, for school purposes. The property in issue was also security for a twenty-eight thousand dollar ($28,000.00) promissory note and mortgage executed by the Anthrops to Fred M. Kuipers and Joan C. Kuipers, also Appellees (Defendants below).

Appraisers were appointed by the trial court and on April 3, 1970, the "Report of Appraisers" was filed, the pertinent part of which report reads as follows:

"The value of the land sought to be appropriated as described in the Court's Order hereto attached, the appraisers find to be in the sum of forty thousand dollars ($40,000.00). The value of improvements, if any, on the portion of said

realty sought to be appropriated, we find to be the sum of twenty thousand dollars ($20,000.00).

The total damages we find to be the sum of sixty thousand dollars ($60,000.00)."

On April 13, 1970, Appellants filed their exceptions to the report of the appraisers and made a demand for a trial by jury. Also, on June 25, 1970, the Appellants filed a "Motion to Determine Aggregate Award of Appraisers" which, in effect, asked the trial court to make a determination as to the meaning of the "Report of Appraisers." On July 6, 1970, the trial court made the following entry:

"Come now the parties each by counsel. And the Defendant's motion to determine aggregate award of appraisers is now submitted to the Court. And argument of Counsel is now heard. And the Court now finds that no ambiguity exists in the report of appraisers heretofore filed herein on April 3, 1970, and the same reflects total damages in the sum of $60,000.00. And on motion of plaintiff, this cause is now assigned for trial by jury on Monday, December 14, 1970, at 10:30 o'clock a.m."

It is solely the above entry upon which the Appellants attempt to base this appeal. It is their contention that the trial court's above entry on the "Motion to Determine Aggregate Award of Appraisers" is a proper subject of appeal in that they allege that it qualifies for appellate review as an appealable interlocutory order. Error is predicated upon said entry which Appellants allege to be an erroneous interpretation of the "Report of Appraisers." Further, the Appellants contend that the "Report of Appraisers" should be read in the light of IC 1971, 32-11-1-6, also being Ind. Ann. Stat. § 3-1706 (1968 Repl.) which Appellants allege, in substance, requires that court appointed appraisers shall report and determine the following elements:

1) The fair market value of the real estate;

2) The fair market value of the improvements;

3)  (not applicable) ; and

4)  All other damages.

Appellants' sole claim is that the "total damages" listed in the "Report of Appraisers" should be construed as relating only to the above element of the aforementioned statute, and that the sum of sixty thousand dollars ($60,000.00), which was called "total damages" in said report allegedly was not such "total" and allegedly did not include the value of the realty and improvements thereon.

The appellees have filed a "Motion to Dismiss or Affirm." contending that Appellants' "Motion to Determine Aggregate Award of Appraisers" was nothing more than a pleading which is not authorized in a condemnation proceeding and further that trial court's entry interpreting the "Report of Appraisers" was not an interlocutory order from which an appeal is authorized. In this we agree.

Under former rules of this Court, an appeal to any appellate tribunal could be taken only from a final judgment or where expressly authorized by statute. *State ex rel. Sanders* v. *Circuit Court, etc.* (1962), 243 Ind. 343, 182 N. E. 2d 781. Such is still true, except that at present, it is the Constitution, supplemented by the rules of this Court which defines the appellate jurisdiction of this Court.

An appeal from an interlocutory order lies only when expressly authorized, and the authorization is to be strictly construed. Any attempt to perfect such an appeal where there is no authorization warrants a dismissal. *Seaney* v. *Ayres* (1958), 238 Ind. 493, 151 N. E. 2d 295, and *Chapman* v. *Chapman* (1953), 231 Ind. 556, 109 N. E. 2d 724.

IC 1971, 34-5-1 Rule 72 (b) provides in part:

"(b) Appeals from interlocutory orders. An appeal to the Supreme Court may be taken from an interlocutory order of any trial court or judge thereof in the following cases:

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action;

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or over-ruling motions to dissolve preliminary injunctions;

(4) Orders and judgments upon writs of habeas corpus;
. . ."

In commenting upon the above provisions, we stated in *Richards* v. *Crown Point Community School Corporation* (1971), 256 Ind. 347, 269 N. E. 2d 5, 8, as follows:

"We mention the viability of these provisions to dispel any uncertainty which may result from their exclusion from the publication entitled "Indiana Rules of Procedure." Their absence from the handy reference form of our procedural rules is no reflection upon their continued existence but, in all candor, represents a judicial oversight, one which we hereby deem corrected."

In the instant case, the trial court's entry of July 6, 1970, was not a final judgment in any sense. Nothing was decided by said entry which put any issues to rest with the finality requisite for a final judgment. If the entry was appealable at all it must fit under the penumbra of an appealable interlocutory decree, the criterion for which is enumerated in Ind. Ann. Stat. § 34-5-1, *supra,* adopted by this Court in *Richards, supra.* However, it is not includable within any of the express provisions thereof.

Assuming arguendo that the July 6, 1970 entry constituted an order of the trial court, that fact in itself does not automatically entitle that entry to immediate appellate review. Appellants' theory would thus make it possible for any type of an order of the trial court to be appealed and thus permit the ultimate determination of cases to be delayed and handled in a piecemeal fashion, which is not the purpose of the rule on such interlocutory orders which may be appealed. Only such appeals as are expressly authorized are

permitted. As to all other intermediary type orders of the trial court which may be made in the course of the proceedings, there can be no appellate review until rendition of final judgment of a distinct, separate and severable justiciable issue. *Platte* v. *Dortch* (1970), 255 Ind. 157, 263 N. E. 2d 266.

In the recent case of *Richards* v. *Crown Point Community School Corporation, supra,* this Court further held in reference to appealable interlocutory orders, that:

> "it is a *putting to rest* of an issue that renders it appealable as a final order." 256 Ind. at 347, 269 N. E. 2d at 7.

In *Richards, supra,* this Court also quoted from the Supreme Court case of *Guthrie* v. *Blakely* (1955), 234 Ind. 167, 125 N. E. 2d 437, as follows:

> ". . . a judgment may be final and appealable even if it does not dispose of all the issues as to all the parties in the trial court, provided it disposes of 'a distinct and definite branch' of the litigation. 234 Ind. at 170, 125 N. E. at 438." 234 Ind. at 164, 269 N. E. 2d at 7.

In *Platte, supra,* the Court stated:

> "Quite clearly the rule allows for a prompt and expeditious disposition of severable issues which are not dependent upon the determination of the other issues in the case provided the court finds that there is no just reason for delay and there is an express direction for entry of judgment." 255 Ind. at 157, 263 N. E. 2d at 274. See Trial Rule 54(B).

Such is not the case in the matter at bar.

The July 6, 1970 entry in this case was nothing more than an interpretation of the Report of Appraisers. It did not decide any ultimate issues, nor did it dispose of any "definite branch of the litigation." Nothing was decided which in any way relates to this condemnation proceeding being litigated aside from a confirmation by the lower court as to the obvious meaning of the Report of the Appraisers.

It is, therefore, the opinion of this Court that the Appellee, Tippecanoe School Corporation's Motion to Dismiss or Affirm be sustained. According to the record of proceedings in this case, appellants have filed exceptions to the Report of Appraisers and have asked for a trial by jury. All of the conceivable errors of the trial court can be reviewed after final judgment, if such should be claimed after such trial and final judgment.

For all the foregoing reasons the order heretofore issued by this Court staying the proceedings in this cause in the trial court is hereby ordered set aside and vacated.

Appellee's Motion to Dismiss or Affirm is sustained and this attempted appeal is dismissed.

Arterburn, C.J., Givan and Prentice, JJ. concur; DeBruler, J. concurs in result.

NOTE.—Reported in 277 N. E. 2d 169.