**Julia M. CARSON, and Knute F. Dobkins, Appellants,**

v.

**CITY OF INDIANAPOLIS, et al., Appellees.**

No. 1281S357.

Supreme Court of Indiana.

Jan. 28, 1982.

Judson F. Haggerty, Haggerty, Haggerty & Kias, Indianapolis, for appellants.

G. Daniel Kelley, Jr., Ice, Miller, Donadio & Ryan, David O. Tittle, Bingham, Sum-mers, Welsh & Spilman, Indianapolis, for appellees.

GIVAN, Chief Justice.

This appeal concerns a state statute originating as House Enrolled Act 1639 in the 1981 session of the Indiana legislature, enacted into law as Acts 1981, P.L. 99, and codified as I.C. 6–9–12–1 through 9 and I.C. 6–9–13–1 through 5 [Burns' Supp.1981]. The statute allows the city-county council of any county that has within its boundaries a consolidated first class city to adopt a one percent [1%] food and beverage tax on certain sales of food or beverages at retail establishments within that county. Further the statute provides the funds so collected are to be paid to the capital improvements board of managers of that county. The City-County Council of Marion County, the only county that was able to take advantage of the statute because it was and is the only county with a first class city within its boundaries, voted to implement the tax on April 27, 1981, with the passage of General Ordinance No. 36. The mayor signed the ordinance two days later.

The passage of P.L. 99 and General Ordinance No. 36 has been followed by much litigation culminating in this appeal. The litigation began with the filing of a Complaint for Declaratory Judgment by appellants on May 1, 1981. The essence of the complaint is that the state legislature's passage of the act authorizing the imposition of the tax is unconstitutional for a variety of reasons. After selection of a special judge, appellees filed a Motion for Summary Judgment and a Petition for Public Lawsuit Determination on June 19, 1981. A hearing on these matters was held on June 22. At the conclusion of the hearing, the trial court held appellants' complaint was a "public lawsuit" within the meaning of I.C. 34–4–17–1(b) [Burns' 1973]. In accordance with I.C. 34–4–17–5, the trial court required appellants to post a $2,500,000 bond within ten (10) days or face dismissal of their complaint. However, before the bond was ordered posted appellees had moved for summary judgment, which motion the trial

court sustained. No bond was filed and no dismissal order was handed down because of failure to file a bond.

Following this decision of the trial court, appellants followed the normal procedure for filing an appeal after an adverse decision in a trial court. On August 8, 1981, appellants filed a Motion to Correct Errors, which was overruled on August 13. Appellants then filed a Praecipe for Record of the Proceedings on September 8. The record of proceedings was filed on November 10, 1981, with the Court of Appeals.

Appellees then filed a "Petition to Transfer Pursuant to Rule AP. 4(A)(10) and to Expedite Rulings on This Petition." Ind.R. App.P. 4(A)(10) provides that either an appellant or an appellee may petition to transfer an appeal from the Court of Appeals to this Court "upon a showing . . . that the appeal involves a substantial question of law of great public importance and that an emergency exists for a speedy determination." On December 15, 1981, we granted appellees' petition and ordered the cause transferred to this Court.

■ The first issue we reach on this appeal is whether or not we have jurisdiction in this case. The crucial fact to be taken into account on this issue is that on June 22, 1981, the trial court determined this case to be a "public lawsuit" under I.C. 34–4–17–1(b) [Burns' 1973]. That determination having been made, appellants were then required to comply with the terms of I.C. 34–4–17–1 through 8 governing public lawsuits. I.C. 34–4–17–2 requires: "All public lawsuits *shall* be brought *solely* in conformity with and governed by the provisions of this act." (Emphasis added.) The state legislature has spoken unequivocally on this matter, and no amount of "public interest" in the facts of this case warrants permitting appellants to deviate from compliance with the provisions of the public lawsuit statute. The relevant portion of the statute reads as follows:

> "*Appeals from final judgment.*—Appeals from any final judgment on a public lawsuit shall be governed by, and taken in the same manner and with the same time

limits, as appeals from interlocutory orders of a circuit or superior court under applicable law, including but not limited to Acts 1921, c. 251."

■ We have held the grant of a summary judgment is a "final order." *Richards v. Crown Point Community School Corp.,* (1971) 256 Ind. 347, 269 N.E.2d 5. The statute above quoted leads us to the inevitable conclusion that appellants were obliged to follow the procedures for appealing interlocutory orders. The statute governing interlocutory appeals reads as follows:

> "*Appeal from interlocutory orders — Time for appeal — Bond, transcript, and assignment of errors.*—Such appeal may be taken only within thirty [30] days from the date of the interlocutory order appealed from. To perfect such an appeal, the appellant shall file an appeal bond as in cases of term appeals from final judgments, and shall file his transcript and assignment of errors, all within said period of thirty [30] days."

Further, Ind.R.App.P. 3(B) requires in part: "In appeals and reviews of interlocutory order the record of the proceedings shall be filed within thirty [30] days of the ruling."

■ In the case at bar, appellants did not file the record of proceedings until November 10, 1981. The final judgment of the trial court in the granting of appellees' Motion for Summary Judgment was rendered June 22, 1981. It is, therefore, readily apparent appellants failed to follow the mandatory time guidelines for perfecting an appeal in a public lawsuit. The time limit expired July 22, 1981. Appellees have filed a Motion to Dismiss or Affirm based in part upon the foregoing question.

Given the state of the law as reviewed above and the facts of this case, we sustain appellees' motion to dismiss for the reason we have no jurisdiction to proceed any further in this case due to appellants' failure to follow the statutory provisions for appeal.

Appellants also attack the finding of the trial court that this suit is a "public law-

suit." They contend it is not a "public lawsuit" because they are not questioning the validity of establishing a new excise tax to be used as security for bonds issued by the city of Indianapolis. They argue in public lawsuits the plaintiffs seek to enjoin the issuance of bonds, which these plaintiffs are not trying to do. Appellants cite several cases judged on appeal to be "public lawsuits" and point out in all of them the plaintiffs sought a temporary or permanent injunction in the trial court.

Appellants' argument ignores the clear language of I.C. 34–4–17–1(b) defining public lawsuits, which reads as follows:

"Public Lawsuit" shall mean any action whereby the *validity*, location, wisdom, feasibility, extent or *character* of constructing, *financing* or leasing of any public improvement by any municipal corporation is questioned directly or *indirectly*, including but not limited to suits for declaratory judgments or injunctions to declare invalid or enjoin such construction, financing, or leasing ...." (Emphasis added.)

 An examination of the facts of this case shows this is clearly a "public lawsuit." Appellants are indirectly (by questioning the authorizing statute) questioning the validity of the matter of financing a public improvement. Appellants cannot ignore the plain meaning of the words of the statute. We hold the trial court properly found this case to be a public lawsuit.

Appellees have also asked that this Court assess damages against the appellants. Their claim is based on Appellate Rule 15(G). The trial court found and we have affirmed that this case is in fact a public lawsuit. The public lawsuit statute clearly provides for a bond. In fact, the trial court in this case set a $2,500,000 bond; however, before the time fixed for the posting of that bond appellees saw fit to move for summary judgment. This motion in effect waived the bond requirement and afforded the appellants the right to appeal the judgment on the merits. Appellees having waived their right to insist upon the bond, we will not now invoke Appellate Rule 15(G) to assess damages against the appellants.

The appeal is dismissed because of appellants' failure to timely perfect their appeal.

Cause dismissed.

All Justices concur.