# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**ANDREW B. MILLER ESQ.**
Starr Austen & Miller, LLP
Logansport, Indiana

ATTORNEYS FOR APPELLEES:

**EDWARD L. MURPHY, JR.**
**WILLIAM A. RAMSEY**
Murphy Ice & Koeneman LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANN RACHELLE JOHNSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 90A05-1109-PL-487 |
| | ) | |
| DR. A., DR. B., AND MEDICAL PROVIDER, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-0902-PL-1

**August 28, 2012**

**OPINION – FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Ann Rachelle Johnson ("Johnson"), an Indiana resident, filed a proposed complaint with the Indiana Department of Insurance ("Department of Insurance"), alleging medical malpractice by Dr. A, Dr. B, and their medical practice (collectively, "Defendants"), all of which are located in Indiana. Discovery disputes arose over the Defendants' attempts to obtain discovery of records concerning the work history of Dr. Hansel M. DeBartolo, Jr. ("Dr. DeBartolo"), an Illinois-based physician retained by Johnson as an expert witness. Upon the Defendants' motion, the trial court ordered Dr. DeBartolo to execute a release that requires him to indemnify one of his prior employers from liability that may result from inadvertent disclosure of confidential information ("the Release"). Johnson appeals the trial court's order.

We dismiss.

## Issues

Johnson's appeal raises several issues, which we reframe as whether the trial court abused its discretion when it ordered Dr. DeBartolo to execute the indemnifying release. As threshold matters, the Defendants raise the following issues:

I.    Whether this Court has jurisdiction to hear Johnson's appeal; and

II.   Whether, if the Court has jurisdiction to hear the appeal, Johnson has standing to pursue this appeal.[1]

---

[1] Defendants also filed a motion for leave to file a reply to Johnson's submission in opposition to the Motion to Dismiss. The Court disposes of this motion in a separate memorandum issued contemporaneously to our decision today.

2

**Facts and Procedural History[2]**

On December 4, 2008, Johnson filed a proposed complaint with the Department of Insurance, in which complaint she alleged that the Defendants were negligent in providing her medical care and treatment. See Ind. Code § 34-18-8-4. On February 19, 2009, Johnson filed an anonymous complaint in the trial court against the Defendants, alleging the same negligent acts. See I.C. § 34-18-8-7. On March 5, 2009, the Defendants filed a motion to stay the proceedings except for determination of legal issues and discovery matters.[3] See I.C. § 34-18-11-1.

At some point in the proceedings, Johnson designated Dr. DeBartolo, who practiced medicine in Sugar Grove, Illinois, as an expert witness. The Defendants deposed Dr. DeBartolo for several hours on May 10, 2010. The deposition was adjourned and reconvened on June 29, 2010; the June 29, 2010 portion of the deposition was video-recorded.

During the June 29, 2010, deposition, Dr. DeBartolo declined to sign documents authorizing disclosure to the Defendants "of records and documents concerning his education, background, and medical and surgical experience." (Appellees' App. at 3.)

---

[2] We held oral argument on Johnson's appeal and the Defendants' Motion to Dismiss on August 8, 2012. We thank the parties for their able advocacy.

[3] Generally, plaintiffs in medical malpractice actions in Indiana must file proposed complaints with the Department of Insurance and wait for an opinion from a medical review panel before filing suit in a trial court against a defendant. Ind. Code § 34-18-8-4. However, a plaintiff "may commence an action in court for malpractice" while the proposed complaint is still being considered by a medical review panel, so long as the complaint does not "contain any information that would allow a third party to identify the defendant." I.C. § 34-18-8-7(a)(1). The plaintiff may not pursue the claim at the trial court until after the medical review panel has issued its opinion, and the trial court's actions upon the complaint are limited to dismissal of the action, making certain preliminary determinations, and overseeing portions of the discovery process. I.C. §§ 34-18-8-7(a) & (b), -8; I.C. § 34-18-11-1 et seq.

These included an authorization to obtain copies of Dr. DeBartolo's academic records from medical school and surgical records and litigation-related documents of one of Dr. DeBartolo's former employers, Delnor Community Hospital ("the Authorization").

Consequently, on August 9, 2010, the Defendants filed a consolidated Motion for Preliminary Determination and Motion to Set Reasonable Expert Witness Fees and Motion to Compel ("Defendants' First Motion to Compel"). In Defendants' First Motion to Compel, the Defendants sought an order compelling "Dr. DeBartolo to sign any record authorizations." (Appellees' App. at 4.)

The parties' dispute over discovery matters continued. On March 4, 2011, Johnson filed a Motion to Compel ("Plaintiff's Motion to Compel") requesting an order for the Defendants to provide signed authorizations for the release of records related to the Defendants' credentials and professional histories. On April 14, 2011, the trial court conducted a hearing on the Defendants' First Motion to Compel and Plaintiff's Motion to Compel. After taking the motions under advisement, on May 12, 2011, the trial court entered numerous orders on the case; among them was an order compelling Dr. DeBartolo to execute releases to several hospitals at which he worked. Dr. DeBartolo complied with the order.

On July 12, 2011, counsel for the Defendants communicated to counsel for Johnson that one of the hospitals at which Dr. DeBartolo had worked, Delnor Community Hospital ("Delnor"), "refus[ed] to provide the records Dr. DeBartolo authorized the hospital to provide" in the Authorization because of "fears that Dr. DeBartolo [would] institute legal proceedings against the hospital for complying." (Appellant's App. at 17.)

4

In addition, counsel for Delnor had informed Defendants' counsel that Dr. DeBartolo had previously filed an action in a Kane County, Illinois, court against Delnor.

To "quell [Delnor's] fear of your expert," counsel for the Defendants submitted a release ("the Release") to Johnson's attorney for Dr. DeBartolo to execute. (Appellant's App. at 17.) The Release provided that Dr. DeBartolo would

> release, acquit and forever discharge [Delnor], and any other person firm or corporation as its agent from all actions, suits, causes of action, claims, or demands of any kind in nature whatsoever, whether known or unknown at this time, on account of Delnor or its agents' compliance with [the Authorization] signed by [Dr. DeBartolo].

(Appellant's App. at 18.) The Release also provided that, by signing, Dr. DeBartolo

> agreed [to] indemnify and forever hold harmless [Delnor] and its agents against any expenses, costs, or payments of any kind, including court costs and attorneys' fees, which they may be compelled to make or expend based on any litigation that I or any person or entity bring against Delnor regarding the Request Authorization for Access to Records or action taken by Delnor pursuant [to the Request].

(Appellant's App. at 18.)

Dr. DeBartolo did not sign the Release provided to counsel for Plaintiff. On August 17, 2011, the Defendants filed a Motion to Enforce Order, contending that the Second Release "does not require Dr. DeBartolo to take any steps not ordered by the Court" and that "there is no reason for Dr. DeBartolo not to sign … unless he plans on suing [Delnor] for complying with the Authorization." (Appellant's App. at 13.) To "ensure that the spirit of the Court's Order of May 12, 2011, is followed," the Defendants requested "an Order requiring Dr. DeBartolo to execute the Release." (Appellant's App. at 13.)

5

On September 1, 2011, the trial court entered an Order requiring Dr. DeBartolo to sign the Release and Authorization and return the signed documents to counsel for the Defendants within seven days ("the Order").

On September 13, 2011, Johnson filed her Notice of Appeal, pursuing interlocutory appeal of the Order and citing as the basis for our jurisdiction Appellate Rule 14(A)(2). On November 4, 2011, the Defendants filed a Motion to Dismiss in this Court. The Motion to Dismiss argued that the Order is not of the type required to create interlocutory appellate jurisdiction under Appellate Rule 14(A)(2)[4] and that Johnson lacked standing to bring the appeal. Johnson filed her response to the Defendants' Motion to Dismiss on December 8, 2011. On December 6, 2011, the Defendants filed their Motion for Leave to File Reply to Johnson's responsive briefing on the Motion to Dismiss.

On January 20, 2012, this Court held in abeyance both the Defendants' Motion to Dismiss and their Motion for Leave to File Reply.

**Discussion and Decision**

Defendants argue in their Motion to Dismiss that this Court lacks jurisdiction over this appeal. This Court has jurisdiction "in all appeals from Final Judgments of Circuit, Superior, Probate, and County Courts," Ind. Appellate Rule 5(A), and has jurisdiction "over appeals of interlocutory orders under [Appellate] Rule 14," App. R. 5(B), except for certain appeals over which our Supreme Court holds sole appellate jurisdiction.

---

[4] Appellate Rule 14(A) provides the types of orders from which an appellant may seek review of a trial court's order as of right prior to the entry of final judgment in a case. Among the orders from which a party may pursue interlocutory appeal as a matter of right is an order "[t]o compel the execution of any document." Ind. Appellate Rule 14(A)(2).

6

"Judgments or orders as to less than all of the issues, claims, or parties remain interlocutory until expressly certified as final by the trial judge," Berry v. Huffman, 643 N.E.2d 327, 329 (Ind. 1994), except as authorized by the Indiana Constitution, statutes, and rules of court. Allstate Ins. Co. v. Scroghan, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004) [hereinafter Scroghan I], trans. denied. We must dismiss "any attempt to perfect an appeal without such authorization." Id. (citing Anthrop v. Tippecanoe Sch. Corp., 257 Ind. 578, 277 N.E.2d 169, 171 (1972)).

Here, Johnson sought interlocutory review of the trial court's Order of September 1, 2011 under Appellate Rule 14(A)(2), which provides for interlocutory appeal as of right from orders "[t]o compel the execution of any document." Defendants in their Motion to Dismiss argue that the appealed Order, which required Dr. DeBartolo to execute the Release, is not an order to compel the execution of a document as contemplated by Appellate Rule 14(A)(2) because it is a discovery order and not appealable as of right.

While Defendants' conclusion is consistent with prior decisions of this Court and our Supreme Court, these decisions have all addressed the case of a party seeking to avoid its own direct participation in discovery. Such disputes have generally centered on the party's refusal to execute a medical release or to otherwise participate in discovery on a matter in dispute. See Cua v. Morrison, 600 N.E.2d 951, 952-53 (Ind. Ct. App. 1992) trans. denied (concluding that a party ordered to execute a medical release form does not have a right to seek interlocutory appeal under the predecessor to App. R. 14(A)(2)); State v. Hogan, 582 N.E.2d 824, 825 (Ind. 1991) (stating that "matters which are

7

appealable as of right … involve trial court orders which carry financial and legal consequences akin to those more typically found in final judgments"); also Rausch v. Finney, 829 N.E.2d 985 (Ind. Ct. App. 2005) (dismissing an interlocutory appeal seeking review under App. R. 14(A)(2) of a discovery order requiring a party's execution of a medical release).

This case does not present such a situation. Rather, here a nonparty has been ordered by a trial court to execute a broad Release with significant and unexplored legal consequences for that nonparty, and that order comes dangerously close to the type of "'fishing expedition'" our discovery rules are intended to foreclose. Crawford v. State, 948 N.E.2d 1165, 1168 (Ind. 2011) (quoting State v. Cline (in re WTHR-TV), 693 N.E.2d 1, 6 (Ind. 1998). In such circumstances—and especially where the nonparty is not otherwise subject to the jurisdiction of an Indiana court—we think that Appellate Rule 14(A)(2) permits an interlocutory appeal as of right.

We nevertheless conclude we cannot exercise jurisdiction in this matter because Johnson's appeal was not properly perfected. As we observed in Allstate Ins. Co. v. Scroghan, 851 N.E.2d 317 (Ind. Ct. App. 2006) [hereinafter Scroghan II], though "we do not condone the practice of intentionally violating discovery orders to obtain appellate review … we recognize that such a practice can act as an important 'safety valve,' which relieves parties from generally non-appealable discovery orders." Scroghan II, 851 N.E.2d at 322 (citing Marrese v. Am. Acad. of Orthopaedic Surgeons, 726 F.2d 1150, 1157 (7th Cir. 1984), rev'd on other grounds, 470 U.S. 373 (1985), and quoting Marrese for the proposition, "incur[ring] a sanction for contempt is a crude but serviceable

8

method, well established in case law, of identifying the most burdensome discovery orders and in effect waiving the finality requirement for them"). Thus, unless there is some sanctioning action against a party by the trial court resulting from failure to comply with the Order that Dr. DeBartolo execute the release, or alternately the denial of a motion by Johnson seeking a protective order under Trial Rule 26(C), we cannot conclude that the Order gives rise to an interlocutory appeal as of right.

In other words, absent a clear showing of prejudice[5] in a failed attempt to obtain a protective order, or the entry of an order making it clear that some sanction will be imposed upon a party or the nonparty subject to the order, an appeal from an order compelling a nonparty's execution of a document is not properly perfected.

We only very rarely issue advisory opinions, though we observe that on at least one occasion, this Court has issued an opinion reversing a trial court's order on a pretrial matter where it appeared that the court's interpretation of a prior order would clearly prejudice parties not immediately affected by the appealed-from order. See Travelers Indem. Co. v. P.R. Mallory & Co., 772 N.E.2d 479 (Ind. Ct. App. 2002). Here, however, Johnson has not yet been subject to any order that has actively prejudiced her case. We therefore cannot conclude that Johnson's appeal is properly perfected.

Yet neither are we certain that the Defendants' decision to pursue the Order and the trial court's grant of the Order are acceptable discovery practices under our Trial Rules. The Release would shift the liability risks associated with the discovery participation of one Illinois-resident nonparty (Delnor) onto another Illinois-resident

_____

[5] This might under some circumstances encompass a ruling in limine that failure of a nonparty to comply with a discovery order would result in exclusion at trial of evidence from that nonparty.

9

nonparty (Dr. DeBartolo). Yet our trial rules provide that the party seeking production from a nonparty must provide that indemnification. T.R. 34(C)(3). Our trial rules also provide a defined path for seeking discovery from an out-of-state nonparty, whereby the party seeking discovery may obtain an order compelling participation in discovery from the Indiana trial court and pursue the appropriate form of action in the courts of the out-of-state nonparty to enforce the Indiana discovery order. T.R. 28(D).

It thus seems that the appropriate route for the Defendants here is to pursue an order from the trial court compelling Delnor to produce documents and then to use the appropriate Illinois process to obtain that production. However inefficient it may have been to follow the discovery procedures set forth in our Trial Rules—and whatever common practice among litigants may be—it is not clear to us that the trial court could sanction Johnson for Dr. DeBartolo's failure to comply with the Order without abusing its discretion.

Nevertheless, because Johnson does not yet face actual prejudice from the trial court's order, we dismiss her appeal.

Dismissed.

ROBB, C.J., and MATHIAS, J., concur.