## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 10 2016, 5:26 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Douglas M. Grimes
Douglas M. Grimes, PC
Gary, Indiana

ATTORNEYS FOR APPELLEES

Nicholas A. Snow
Jewell Harris, Jr.
Harris Law Firm PC
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marion R. Williams, Jason A. Williams, and Kellie A. Williams, | February 10, 2016 |
| *Appellants-Defendants,* | Court of Appeals Case No. 45A05-1503-PL-134 |
| v. | Appeal from the Lake Superior Court |
| Roosevelt Allen Jr., Gerry J. Scheub, and Michael C. Repay as Lake County Commissioners, and John Petalas as Lake County Treasurer, | The Honorable William E. Davis, Judge |
| *Appellees-Plaintiffs.* | Trial Court Cause No. 45D05-1408-PL-91 |

**May, Judge.**

[1] Marion R. Williams, Jason A. Williams, and Kellie A. Williams (collectively "Property Owners") appeal the denial of their motion to change venue. As Property Owners did not ask the trial court to certify the issue for interlocutory appeal, and it is not an interlocutory appeal of right, we dismiss.

## Facts and Procedural History

[2] On June 20, 2014, Roosevelt Allen Jr., Gerry J. Scheub, and Michael C. Repay as Lake County Commissioners, and John Petalas as Lake County Treasurer (collectively "Lake County") filed a complaint against Property Owners for the collection of delinquent property taxes on eighty-eight properties. On July 11, 2015, Property Owners, proceeding *pro se*, responded. On July 31, 2014, Lake County Government filed a pleading addressing some of Property Owners' affirmative defenses.

[3] Property Owners asked for and were granted a change of judge. On October 23, 2014, Property Owners moved for change of venue from Lake County. A hearing was held on November 25, 2014, and Property Owners did not appear. The trial court denied Property Owners' request for change of venue as untimely.

[4] On December 19, 2014, Property Owners retained counsel, who filed a second motion for change of venue. The trial court held a hearing and then denied the motion.

# Discussion and Decision

A judgment is deemed final if:

> (1) it disposes of all claims as to all parties;
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;
>
> (3) it is deemed final under Trial Rule 60(C);
>
> (4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or
>
> (5) it is otherwise deemed final by law.

Ind. Appellate Rule 2(H). Here, the trial court had not decided the issue in Lake County's complaint - delinquent property tax payments - and instead made a decision only regarding Property Owners' second request for change of venue. Thus, the trial court's decision is interlocutory. *See Johnson v. Dr. A.*, 973 N.E.2d 623, 627 (Ind. Ct. App. 2012) ("Judgments or orders as to less than all of the issues, claims, or parties remain interlocutory until expressly certified as final by the trial judge except as authorized by the Indiana Constitution, statues, and rules of court.") (citations omitted).

Indiana Appellate Rule 14(A) allows for an Interlocutory Appeal of Right when the interlocutory order is:

> (1) For the payment of money;

> (2) To compel the execution of any document;

> (3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

> (4) For the sale or delivery of the possession of real property;

> (5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;

> (6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

> (7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

> (8) Transferring or refusing to transfer a case under Trial Rule 75; and

> (9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

All other interlocutory appeals are discretionary, and may be taken "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." App. R. 14(B).

Property Owners' second "Verified Application for Change of Venue from County" sought a change of venue "pursuant to Ind. Trial Rule 76(A)." (Appellant's App. at 84.) The trial court denied Property Owners' request for change of venue on March 2, 2015. Thus, any interlocutory appeal taken from Property Owners' motion for change of venue is not an Interlocutory Appeal of Right because it was filed pursuant to T.R. 76, not T.R. 75. There is nothing in the Chronological Case Summary to indicate the trial court certified its March 2 order; however, it did grant a stay of the proceedings on April 17, 2015, pending a decision by this court.

As Property Owners did not ask the trial court to certify its order for interlocutory appeal or petition us to accept jurisdiction over the appeal of the interlocutory order, we do not have jurisdiction. *See Young v. Estate of Sweeney*, 808 N.E.2d 1217, 1220 (Ind. Ct. App. 2004) (appellate court does not have jurisdiction over interlocutory orders not appealable by right in the absence of the certification by both the trial and appellate court).

## Conclusion

As Property Owners sought change of venue under T.R. 76, the appeal of that order is not an interlocutory appeal of right, and we do not have jurisdiction. Accordingly, we dismiss the appeal.

Dismissed.


Najam, J., and Riley, J., concur.