317 N.E.2d 893 (1974)
Forrest A. GEYER, Plaintiff-Appellant,
v.
CITY OF LOGANSPORT et al., Defendants-Appellees.
No. 2-374A70.
Court of Appeals of Indiana, Second District.
October 23, 1974.
C. Michael Cord, Bayliff, Harrigan, Cord & Maugans, Kokomo, for plaintiff-appellant.
Tom F. Hirschauer, Miller, Tolbert, Hirschauer & Wildman, George L. Brubaker, Logansport, for defendants-appellees.
PER CURIAM.
This cause is pending before us on the motion of the appellee City of Logansport to Dismiss or Affirm. Said motion alleges that this appeal, as to the City of Logansport, was not timely filed. City's motion alleges that early in the course of the proceedings City filed its Motion to Dismiss which was subsequently sustained and no appeal was taken from that order. Thereafter, the cause proceeded to trial against the other defendants. City argues that this appeal from the judgment after trial is not timely as to it.
The facts of the case are that on May 29, 1970, a bull escaped from a sale barn owned by Lester Murtha d/b/a Stoney Pike Sales Barn and was being pursued by several units of Logansport police. Appellee *894 James Jackson was one of the police officers engaged in the chase. When Jackson thought he had the bull cornered, he fired two shots from a .351 Winchester magnum rifle at it. Both shots hit the bull. One shot ricochetted from the bull's horn into the abdomen of plaintiff-appellant Geyer who had just stepped outside his house and was unaware that anything was happening. Officer Jackson immediately went to the aid of Geyer, other police officers summoned an ambulance and Jackson accompanied Geyer to the hospital where Geyer underwent surgery and was confined for 21 days.
Appellant Geyer did not serve upon the City a written notice of the event complained of within sixty days thereafter as required by IC 18-2-2-1, Ind. Ann. Stat. § 48-8001.
Appellant filed his complaint for damages on April 13, 1971, naming as defendants the City of Logansport, James Jackson, and Lester Murtha, d/b/a Stoney Pike Sales Barn. Thereafter City filed a motion to dismiss, based on failure of Geyer to have served written notice on City as required by the above cited statute. On June 11, 1971, the trial court sustained City's motion and made the following entry:
"The Defendant's motion to dismiss, having been heretofore submitted to the Court and the Court being duly advised does now sustain said motion and this cause of action is now dismissed as to the City of Logansport."
Several months thereafter trial was had to a jury against the remaining defendants. On November 28, 1973, the court sustained defendant Jackson's motion for judgment on the evidence and entered judgment for Jackson. The plaintiff then dismissed as to the defendant Murtha. The court then dismissed the jury. The plaintiff timely filed his motion to correct errors on December 28, 1973, which was overruled the same day, and this appeal follows.
The City of Logansport alleges the motion to correct errors was filed more than 60 days after entry of judgment dismissing the cause as to the City. This brings us to the real question to be decided: Was the order of dismissal as to the City a final, appealable judgment?
Rule TR. 54(B) reads as follows:
"(B) Judgment upon multiple claims or involving multiple parties.
When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final."
In comparing our rule with federal rule 54(b), we note that the Indiana rule follows the federal rule except that the last sentence of the Indiana rule is not contained in the federal rule. The last sentence of the Indiana rule codifies the essence of federal case law concerning the *895 circumstances under which a judgment upon less than all the issues or as to less than all of the parties is appealable.
In Wright and Miller, Federal Practice and Procedure Vol. 10, § 2660, 82-85 we find the following:
"For an appeal to be perfected following a decision that falls within the ambit of Rule 54(b), the district court must make an express `direction for the entry of judgment', and a `determination that there is no just reason for delay.' For simplicity of exposition, the combination of the direction and determination can be referred to as a `certification' that a particular judgment is ripe for review. This certification is an essential prerequisite to an appeal.
"In the absence of a Rule 54(b) certificate any order or other form of decision, however designated by the court, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties under Rule 54(b). The second sentence of the rule expressly states that any order failing to qualify under the rule is subject to revision at any time prior to the entry of a final judgment adjudicating the entire action. Therefore, an appeal from a decision adjudicating a portion of the case must be dismissed. Indeed, in the absence of a Rule 54(b) certificate, the appeal must be dismissed even though the parties do not object to the lack of a certificate. This approach is in keeping with the principle that the parties cannot confer jurisdiction upon an appellate court simply by failing to object to a jurisdictional defect."
In the case of Melancon v. Insurance Company of North America et al., C.A. 5th (1973), 476 F.2d 594, the appellant sued Insurance Company of North America, State Automobile and Casualty Underwriters, Coating Specialists, Inc., for damages under the Jones Act and maintenance under the General Maritime Law. The district court granted summary judgment for the Insurance Company only and declared "This is a final judgment within the meaning of Rule 54(a) of the Federal Rules of Civil Procedure." The defendant Coating Specialists, Inc. attempted to appeal. In dismissing the appeal, the Circuit Court stated:
"In a multiple party suit, such as this one, a summary judgment adjudicating the claims or rights and liabilities of fewer than all the parties is not a final appealable judgment within the meaning of 28 U.S.C. § 1291 unless the district court makes (1) an `express determination that there is no just reason for delay' and (2) `an express direction for the entry of judgment.' Fed.R.Civ.P. 54(b). Since the district court did not make the requisite `express determination,' this court is without jurisdiction to entertain the appeal. Bailey v. Rowan Drilling Company, 5th Cir.1971, 441 F.2d 57; United States v. Crow, Pope and Land Enterprises, Inc., 5th Cir.1973, 474 F.2d 200; see 6 J. Moore, Federal Practice, ¶ 54.34 [2.2] n. 10 (2d Ed. 1972)."
In Jetco Electronic Industries, Inc. v. Gardiner, C.A. 5th (1973), 473 F.2d 1228, the trial court granted one of the defendant's motion to dismiss as to it. The appellant sought to appeal that order. The Circuit Court of Appeals stated as to that order:
"Before reaching the merits of this controversy, we must decide whether the district court's March 10, 1972, order dismissing appellants' suit against ETL is appealable. With several exceptions not relevant here, this Court's appellate jurisdiction extends only to final orders. 28 U.S.C. § 1291. In a multiparty lawsuit such as this one, an order is final only if it meets one or the other of two conditions: (1) it must adjudicate the claims or the rights and liabilities of all the parties, or (2) it must expressly determine that there is no just reason for delay and expressly direct the entry of judgment. Rule 54(b), F.R.Civ.P. The *896 March order dismissing appellants' suit against ETL meets neither of these conditions: It said nothing about appellants' rights as against the other two defendants, Gardiner and Gardiner Electronics; and it contained nothing faintly resembling a Rule 54(b) certificate. That order is thus not a final judgment under Rule 54(b). Johnson v. Hendrickson, 5th Cir.1972, 469 F.2d 694."
In Sanchez v. Breed, C.A. 9th (1972), 464 F.2d 448 the court held:
"Sanchez has a civil rights case pending in a district court. That court has dismissed as to one defendant.
"Sanchez attempts an appeal on the dismissal as to one party. He asks this court to overturn the district court's denial of leave to appeal in forma pauperis.
"The appeal is dismissed. No order has been entered under Rule 54(b) Federal Rules of Civil Procedure. The lack of such an order is jurisdictional."
Our Supreme Court has incorporated the federal case law into the last sentence of our Rule TR. 54(B):
"A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final."
We therefore are of the opinion that our Supreme Court intended to adopt the federal practice and intended that we follow the federal case law in interpreting our rules. In Harvey, Indiana Practice, Vol. 3, P. 495, he comments on the finality of a judgment rendered as to less than all the parties or less than all the claims, as follows:
"As a condition precedent to the finality of a judgment entered as to less than all the claims or parties, the court must, in writing make two express determinations:
"(1) An express determination that there is no just reason for delay, and,
"(2) An express direction for entry of judgment.
"Absent these two express determinations an order of the court, under Rule 54(B) remains interlocutory in character and is subject to change until such time as a final adjudication is made. Such an order is not appealable unless an appeal is specifically authorized by statute.
"Where the court makes both express determinations mentioned above, the ruling becomes final and an appeal will be as in the case of any final judgment and the right to appeal will be lost unless pursued in a timely manner."
In looking at the order of dismissal which City urges us to consider as a final judgment, we note that it is not accompanied by an express determination that (1) there is no just reason for delay and (2) an express direction of entry of judgment. Therefore, in view of Rule TR. 54(B), the federal case law interpreting federal rule 54(b), and the comments of Dean Harvey, we must conclude that the order of dismissal as to the City was not a final judgment, that it would not have been appealable at the time it was made, and was not appealable until judgment was entered disposing of the entire case as to all issues and all parties, on November 28, 1973.
The Motion of the appellee City of Logansport to Dismiss or Affirm is denied.