STANRAY CORPORATION *v.* HORIZON CONSTRUCTION, INC., UNION FEDERAL SAVINGS AND LOAN ASSOCIATION, LINABURRY BRICK & BLOCK CO., INC., BROOKS GUTTERING, INC., AND WAINWRIGHT BANK & TRUST CO.

[No. 2-475A96. Filed February 23, 1976.]

*James R. McClarnon, Michael B. Cracraft, Smith Morgan & Ryan,* of Indianapolis, for appellant.

*James E. Dowling, Rocap Rocap Reese & Young,* Indianapolis, for appellee Union Federal; *Raymond Good, Good & Bertram,* of Indianapolis, for appellee Linaburrry Brick & Block Co.; *Ben F. Hatfield, Jr., Coates Hatfield & Calkins,* of Indianapolis, for appellee Brooks Guttering; *Stephen W. Cook, Campbell Malan Kyle Proffitt & Cook,* of Noblesville, for appellee Wainwright Bank & Trust Co.

SULLIVAN, J. — Plaintiff-appellant Stanray Corporation (Stanray) initiated this action on May 31, 1972 when it filed its Complaint to Foreclose Mechanic's Lien against defendant Horizon Construction, Inc. (Horizon). The lien was claimed on improved "Lot Number Forty-four (44) in Broadmoor

Terrace Addition, Revised, an Addition to the City of Indianapolis" (Lot 44), owned by Horizon. Stanray alleged that it had furnished Horizon with certain building materials for the latter's construction of the house on Lot 44 during 1970 and 1971. Various other creditors of Horizon eventually became parties, all claiming interests in the subject realty, some by mortgage and others by mechanics' liens arising from Horizon's building of the house. When the dust settled on November 8, 1974, all the claimed mechanics' liens were declared to be invalid, the subject realty was ordered sold, and the proceeds of the sale ordered to go first to appellee Union Federal Savings and Loan Ass'n. (Union), as the holder of a valid superior mortgage lien on Lot 44, with any remainder to go to Wainwright Bank & Trust Company (Wainwright) as the holder of a valid mortgage lien junior to Union. Of the competing creditors, only Stanray has appealed, alleging that:

1. The trial court erred as a matter of law in finding Stanray's lien to be invalid in that said finding is contrary to the court's own entry of April 25, 1973.

2. The court's finding that Stanray's notice of lien was not timely filed is contrary to law and unsupported by the evidence.

3. The court erred in finding that Stanray's notice of intent to hold lien was not in the form required by law.

4. The order of priorities among the Horizon's competing creditors as found by the trial court is contrary to law.

I.

### TRIAL COURT'S 1973 ENTRY DID NOT PRECLUDE LATER FINDING OF LIEN INVALIDITY

Resolution of Stanray's first allegation of error requires a brief recitation of the procedural history of this case:

Initially this case was simply an action by a materialman (Stanray) against the owner-builder (Horizon), seeking foreclosure of a mechanic's lien. However, as the action pro-

ceeded, the case became increasingly complex as more and more of Horizon's creditors asserted claims to Lot 44. As of April of 1973, a total of five materialmen were parties, all asserting liens arising from Horizon's construction of the house on Lot 44, with each seeking foreclosure of its lien and alleging that its lien was superior to any other claim to the reality.[1] Competing with the materialmen and each other were the alleged mortgagees, Union and Wainwright, who, like the materialmen, alleged that their respective interests in Lot 44 were superior to all other claims. Union impleded the four guarantors of the note secured by their mortgage, alleging the guarantors' personal indebtedness. Horizon did not respond to any of the claims of its creditors, and the record reveals that Horizon was placed in receivership prior to April of 1973.

By April of 1973, all of Horizon's creditors had filed motions for summary judgment on their respective claims. On April 25, undoubtedly in an attempt to simplify the lawsuit by disposing of certain issues and eliminating from the contest certain parties, the trial court entered a "Judgment and Decree of Foreclosure." In this entry, the court made, *inter alia*, the following findings and issued the following orders:

> "And upon hearing for summary judgment, . . . summary judgments for said moving parties are now granted against Horizon Construction, Inc. but as to Union Federal Savings and Loan Association, Summary Judgment is also granted against . . . [the] guarantors of Horizon Construction, Inc.
>
> \* \* \*
>
> And the Court further finds that the mortgage of Union Federal as against all of the parties to this action is a valid and subsisting lien (with priority to be determined at a later date) as of its date upon the fee simple title to the real estate therein and herein described; that the lien of

---

1. The mechanic's lien claimants included plaintiff Stanray, Broad Ripple Heating and Air Conditioning Co., (Broad Ripple), J & J Floor Covering, Inc. (J & J), Linaburry Brick & Block Co., Inc. (Linaburry) and Brooks Guttering, Inc. (Brooks). As has been noted, Stanray is the only one of these claimants before this court alleging error in the trial court's disposition.

said mortgage in the sum of $30,798.26 is superior in equity to the right, title and interest and claims of the Horizon Construction, Inc., and the guarantors and J & J Floor Covering Co., Inc., Broad Ripple Heating & Air Conditioning Co., Inc., and each of them, in and to said real estate; that said mortgage ought to be foreclosed as prayed for in the cross-complaint of Union Federal and said real estate sold by the Sheriff of Marion County. . . .

\* \* \*

And now the Court further *finds that Stanray Corporation* (D/B/A Burnet-Binford Lumber Company), Linaburry Brick & Block Co., Inc., and Brooks Guttering, Inc. each *hold a mecahnic's lien* upon the hereinabove described real estate by virtue of the mechanic's liens and notices thereof *as set forth in their complaint* and cross-complaints all of *which are valid as against Horizon Constructon, Inc.* and defendants J & J Floor Covering Co., Inc., Broad Ripple Heating and Air Conditioning Co., Inc., and Milton H. Slossen, Receiver; *but among such valid lienholders and Union Federal, the issue of validity and priority shall be determined by this Court at a later date.*

And the Court further finds that there is now due and unpaid on said mechanic's lien in favor of Stanray Corporation the sum of $7,461.77 in principal, the sum of $945.19 for interest to March 31, 1973, and the sum of $1,000.00 as fee for plaintiff's attorneys herein, making an aggregate sum due and payable of $9,406.96 which sum plaintiff is entitled to recover herein against the defendant, Horizon Construction, Inc., in rem and said lien should be foreclosed.

\* \* \*

"IT IS THEREFORE CONSIDERED, ORDERED ADJUDGED AND DECREED by the Court that the plaintiff have and recover a judgment of the defendant, Horizon Construction, Inc., in rem, in the sum of $9,406.96 all without relief from valuation and appraisement laws, together with all costs of this action.

\* \* \*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the mortgage liens and mechanic's liens of all parties on the real estate hereinafter described be and the same are hereby foreclosed and the . . . the said real estate [Lot 44] . . . shall be sold by the Sheriff of Marion County, . . . and the proceeds thereof to be applied as follows:

1. To the payment of the costs of this action and the costs and expenses of said sale;

2. To the payment of the various judgment holders set forth below, but not in the order set forth,

The order of priority being reserved for further order of the Court. The Sheriff is ordered to hold all proceeds from said sale, after payment of costs, be such proceeds money or judgment bid of Union Federal Savings and Loan Association or part money and judgment bid of other judgment holders until this Court further orders the priority of distribution among said judgment holders.

    a. Union Federal Savings and
       Loan Association                 $30,798.26

    b. Stanray Corporation             9,406.96

    c. Wainwright Bank & Trust Co.     9,003.32

    d. Linaburry Brick & Block Co., Inc.   2,417.75

    e. Brooks Guttering, Inc.         506.93"

(Emphasis supplied)

Following the April entry, the trial court conducted a hearing and heard arguments on "the issue of validity and priority" among "such valid lienholders [Stanray, Linaburry and Brooks], and Union Federal. . . ." This controversy was settled by way of the entry, on November 8, 1974, of a "Decree for Distribution of Proceeds" in which the court found:

"1. That the *mechanics' liens filed by* Charles R. Brooks (Brooks' Guttering), Stanray Corporaton, and Linaburry Brick & Block Co., Inc. *are not valid liens* pursuant to the mechanic's lien law of the State of Indiana.

"a. Charles R. Brooks did not file his lien within sixty (60) days of the last authorized work.

b. Stanray Corporation did not file its lien within sixty (60) days after the last authorized delivery of material actually used in the subject real estate, and the mechanic's lien notice was not in the form as required by law.

c. Linaburry Brick & Block Co., Inc.'s mechanic's lien notice was not filed in the form as required by law.

2. That the Mortgage lien of Union Federal Savings and Loan Association is first and prior to all other claimants,

for the amount of its Judgment, $30,798.26, with interest at eight percent (8%) per annum from and after March 31, 1973." (Emphasis supplied).

The crux of Stanray's first allegation of error levelled at the court's November 8, 1974 "Decree" is stated in its brief as follows:

"The lien of Stanray was earlier [in the 1973 "Judgment and Decree of Foreclosure"] decreed to be valid, judgment was awarded, in rem, against defendant Horizon, and Stanray's lien was foreclosed. It was a finding of validity for all purposes. *The lien of Stanray could not be said to be valid for one purpose and invalid for another.*" (Emphasis supplied).

Stanray's substantive argument is no doubt correct. A purported mechanic's lien is valid only if it meets all statutory requirements necessary to its creation. *Gooch* v. *Hiatt* (1975), 166 Ind. App. 521, 337 N.E.2d 585. If the lien meets all the statutory requirements, see Ind. Ann. Stat. 32-8-3-1, 32-8-3-3 (Burns Code Ed. 1973), the lien is necessarily "valid" as against any party contesting its legal existence, whether property owner or competing creditor.

The question of a purported lien's "validity" is conceptually distinct from the issue of its "priority" as against competing creditors. The mechanic who complies with all the statutory requirements necessary to the creation of his lien may have a lien which is ineffective to satisfy his claim because a competing creditor, whose claim exceeds the value of the property, has a "prior" lien—yet this fact does not impair the technical "validity" of the mechanic's lien. On the other hand, a judgment that the mechanic has complied with the statutory requirements may require resolution of the "priority" question in his favor where, for example, the mechanic's earliest work or delivery of materials antedates recordation of the competing mortgage. *See* Ind. Ann. Stat. 32-8-3-5, *supra*. However, it is clear that a mechanic can have no claim to "priority" as against the

owner's other creditors if the mechanic has not complied with the statutory requirements necessary to creation of a "valid" lien.

There is, however, a flaw in Stanray's argument, in that Stanray misapprehends the procedural significance of the trial court's 1973 findings. Stanray assumes that the findings contained in the 1973 entry were irrevocable—indeed, Stanray argues that the findings respecting the validity of its lien became "the law of the case" for all purposes throughout the remaining proceedings, citing *Bd. of Comm'rs. of Huntington County* v. *Bonebrake* (1896), 146 Ind. 311, 45 N.E. 470, and *Werthner* v. *Olenin* (1945), 186 Misc. 829, 62 N.Y.S. 2d 646, *aff'd.*, 71 N.Y.S. 2d 926. The "law of the case" doctrine presupposes a certain finality in the court's decision, *see Bd. of Comm'rs. of Huntington County* v. *Bonebrake, supra,* 146 Ind. at 312-314, 45 N.E. at 470-471. which is clearly lacking here. It is our view that, under our present procedural rules, the trial court's April, 1973 decision as to the validity of Stanray's lien was of an interlocutory nature subject to revision at any time prior to the entry of final judgment on November 8, 1974.

The trial court's April 25 entry by its terms embodied the court's rulings on the various motions for summary judgment. The court explicitly stated that while it granted the summary judgment motions, ". . . among such valid lienholders [Stanray, Linaburry and Brooks], and Union Federal, *the issue of validity and priority* shall be determined by this Court at a later date." (Emphasis supplied). Despite its arguments herein that its lien was adjudged valid "for all purposes" by the 1973 entry, Stanray was clearly aware that the validity of its claim was still open to question in the trial court after April 25. Counsel for Stanray so acknowledged when he stated, at the outset of the evidentiary hearing on "the issue of validity and priority" conducted on May 3, that "[t]he parties would further stipulate . . . that the principal amount of interest due each of the parties *in the event that*

*their liens or mortgages are held valid by the Court* are . . ."
(Emphasis supplied). Stanray then proceeded to present
evidence, oral argument and a written brief to the trial court
designed to prove compliance with the statutory requirements
for validity of a mechanic's lien. Thus it is clear that the
parties and the trial court regarded the entry of April 25
as adjudicating fewer than all the claims of all the parties
to this section.

Our Ind. Rules of Procedure contain two provisions gov-
erning the finality of orders or rulings of the trial court
which adjudicate fewer than all the claims of all the parties.
When the partial adjudication of the case comes by way of
summary judgment, TR. 56 (C) states, in part, that:

> "A summary judgment may be rendered upon less than all
> the issues or claims, including without limitation the issue
> of liability or damages alone although there is a genuine
> issue as to damages or liability as the case may be. *A sum-*
> *mary judgment upon less than all the issues involved in a*
> *claim or with respect to less than all the claims or parties*
> *shall be interlocutory unless the court in writing expressly*
> *determines that there is not just reason for delay and in*
> *writing expressly directs entry of judgment as to less than*
> *all the issues, claims or parties."* (Emphasis supplied)

The general rule as to partial adjudications, to which TR.
56 (C) is the obvious corrollary at the summary judgment
stage, is TR. 54 (B), which states:

> "(B) Judgment upon multiple claims or involving multiple
> parties. When more than one [1] claim for relief is pre-
> sented in an action, whether as a claim, counterclaim, cross-
> claim, or third-party claim, or when multiple parties are
> involved, the court may direct the entry of a final judgment
> as to one or more but fewer than all of the claims or parties
> *only upon an express determination that there is no just*
> *reason for delay and upon an express direction for the*
> *entry of judgment. In the absence of such determination*
> *and direction, any order or other form of decision, how-*
> *ever designated, which adjudicates fewer than all the claims*
> *or the rights and liabilities of fewer than all the parties*
> *shall not terminate the action as to any of the claims or*

*parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.* A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final." (Emphasis supplied).

Based on TR. 54(B) and TR. 56(C), the rule is that any order or other form of decision, however designated, which disposes of less than all of the issues, whether at the summary judgment stage or otherwise, is not final and appealable unless the trial court (1) in writing expressly determines that there is no just reason for delay, and (2) in writing expressly directs the entry of judgment thereon. *Kasten* v. *Sims Motor Transport* (1975), 166 Ind. App. 117, 333 N.E.2d 906; *First Equity Life Insurance Co.* v. *Keith* (1975), 164 Ind. App. 112, 329 N.E.2d 45; *Federal Insurance Co.* v. *Liberty Mutual Insurance Co.* (1974), 162 Ind. App. 242, 319 N.E.2d 171; *Geyer* v. *City of Logansport* (1974), Ind. App., 317 N.E.2d 893; 3 Harvey, *Indiana Practice: Rules of Procedure Annot.* § 54.2, p. 495, § 56.9, p. 558. Here the trial court did not in writing expressly determine that "there is no just reason for delay" as to its decision on the validity of Stanray's lien. While it may be that the court did expressly direct entry of judgment on Stanray's claim, we do not think that, in the context of this case, such written direction, by itself, was sufficient to divest the finding of "validity" of Stanray's lien of its clearly interlocutory and tentative nature.

This court has noted that the requirements of TR. 54(B) and TR. 56(C) of an express direction for the entry of judgment, and express determination that there is no just reason for delay, amount to a " 'certification that a particular judg-

ment is ripe for review.' " *Geyer* v. *City of Logansport, supra,* 317 N.E.2d at 895, *quoting* 10 Wright & Miller, *Federal Practice and Procedure* § 2660, p. 83. In another context, we have stated that a temporary restraining order is not appealable because "such *tentative judicial action* does not impart that degree of finality sufficient to justify immediate appellate intervention." *Int'l. Ass'n. of M. & A. W. v. McGill Mfg. Co., Inc.* (1975), 164 Ind. App. 321, 328 N.E.2d 761, 764 (emphasis supplied). It is evident that the trial court, by following the "certification" procedure prescribed by TR. 54(B) and TR. 56(C) as to a particular decision, is, in effect, saying that his resolution of the issues is not tentative but final, and he is therefore prepared to relinquish his jurisdiction over that portion of the case to an appellate court. There is no question that the trial court did not intend the April 1973 entry to be its "final" decision as to the validity of Stanray's lien; quite the contrary, the record reveals that both the court and the parties viewed the decision as tentative, subject to the further proceedings among the creditors. The court's choice of words in ordering "judgment" for Stanray in its 1973 entry is unfortunate, but, considering the entire record and the court's failure to make an "express determination that there is no just cause for delay", we hold that the 1973 decision as to the validity of Stanray's lien was interlocutory and subject to later revision by the final judgment entered on November 8, 1974. TR. 54(B); TR. 56(C).

Stanray cites *Richards* v. *Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5, for the proposition that the court's decision as to the validity of plaintiff's lien contained in the 1973 entry constituted a "final judgment". That reliance is premised upon the following statement from Richards quoting from *Guthrie* v. *Blakely* (1955), 234 Ind. 167, 170, 125 N.E.2d 437, 438:

" '* * * a judgment may be final and appealable even if it does not dispose of all the issues as to all the parties in the trial court, provided it disposes of "a distinct and

definite branch" of the litigation.'" 256 Ind. at 351, 269 N.E.2d at 7.

The statement made in the *Guthrie* case was undoubtedly correct when made in 1955 but the explicit subsequent provisions of TR. 54(B) and TR. 56(C) have vitiated the *Guthrie* conclusion. At present such a partial judgment is not final and appealable unless the express determinations required in TR. 54(B) or TR. 56(C) are made. Thus, *Richards* v. *Crown Point Community School Corp., supra,* may not be read as giving appealable finality to the 1973 entry considered here. *See Thompson* v. *Thompson* (1972), 259 Ind. 266, 286 N.E.2d 657.

## II.

## FINDING THAT LIEN WAS INVALID BECAUSE NOTICE NOT TIMELY IS NOT CONTRARY TO LAW

One of the reasons the trial court found Stanray's lien to be invalid in its final entry was its finding that "Stanray Corporation did not file its lien within sixty days after the last authorized delivery of material actually used in the subject real estate. . . ." Stanray asserts that this finding is contrary to law and unsupported by the evidence. We disagree.

Our law places the burden of proof upon the asserted mechanic's lienholder who seeks foreclosure to show that the purported lien meets *all* statutory requirements necessary to its creation. *Gooch* v. *Hiatt* (1975), 166 Ind. App. 521, 337 N.E.2d 585; *Hough* v. *Zehrner* (1973), 158 Ind. App. 409, 302 N.E.2d 881. When the court below finds that the claimant failed to successfully carry his burden, the lien claimant appeals a negative judgment. *Mandle* v. *Owens* (1975), 164 Ind. App. 607, 330 N.E.2d 362. We can reverse a negative judgment only if we find it to be contrary to law. *Pierve* v. *Yochum* (1975), 164 Ind. App. 443, 330 N.E.2d 102. And "[i]t is only where the evidence is without

conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." *Lamb* v. *Conder* (1975), 166 Ind. App. 293, 335 N.E. 2d 625, 628. Hence the precise issue raised by the second allegation of error is a narrow one: Whether the trial court's finding that Stanray failed to comply with the statutory requirement of a timely filed notice of lien is contrary to the one reasonable conclusion to which the evidence without conflict leads.

The statutory requirement as to the time for filing the notice of lien is found in Ind. Ann. Stat. 32-8-3-3 (Burns Code Ed. 1973), which reads, in part:

"Any person who wishes to acquire a lien upon any property, . . . shall file in the recorder's office, at any time within sixty [60] days *after . . . furnishing such materials . . . described in section 1* [32-8-3-1] of this act. . . ." (Emphasis supplied).

32-8-3-1, *supra,* which describes "such materials" as must be furnished states, in part, that:

"Contractors, subcontractors, . . . journeymen, . . . and all other persons . . . furnishing materials or machinery, . . . for the erection, altering, repairing or removing any house, . . . may have a lien separately or jointly upon the house . . . for which they may have furnished materials or machinery of any description, and, on the interest of the owner of the lot or parcel of land on which it stands . . . to the extent of the value of any . . . materials furnished. . . ."

The statutory and common law requirements as to "such materials" which must be furnished are that (1) the materials must be sold to the property owner or his agent for that purpose; (2) the materials must be furnished for the purpose of being used in constructing the particular improvement; (3) the improvement must have been authorized by or consented to by the prop-

erty owner; and (4) the materials must have actually been used in the construction. *See Van Wells* v. *Stanray Corp.* (1976), 168 Ind. App. 35, 341 N.E.2d 198; *Ellis* v. *Auch* (1954), 124 Ind. App. 454, 118 N.E.2d 809; *Jackson* v. *J. A. Franklin & Son* (1939), 107 Ind. App. 38, 23 N.E.2d 23; *Foster* v. *Sigma Chi Chapter House* (1912), 49 Ind. App. 528, 97 N.E. 801.

As to when such materials are furnished, ". . . 'we mean simply that they have been ordered for and delivered to such person.'" *Foster* v. *Sigma Chi Chapter House, supra,* 49 Ind. App. at 533, 97 N.E. at 802, quoting *The James H. Prentice* (1888), 36 Fed. 777, 782; *see also Barnett* v. *Stevens* (1896), 16 Ind. App. 420; *Clark* v. *Huey* (1895), 12 Ind. App. 224.

From the foregoing propositions, as applied to Stanray's appeal, the question becomes whether the trial court acted contrary to law when it found that Stanray's notice of lien was not filed within 60 days of the last delivery to Horizon of materials ordered by Horizon for use in the construction on Lot 44, such materials actually having been so used.

Stanray asserts that the evidence points without conflict to the conclusion that the items shown on a delivery ticket dated July 21, 1971, which was prepared and introduced by Stanray, were ordered by, delivered to and actually used by Horizon. Appellee Union replies that evidence exists to support the trial court's finding that the materials shown by the last delivery ticket were neither ordered, delivered, nor used. If the items shown on the *last* ticket were not ordered or delivered, then the last delivery would be on May 20, 1971, in which case Stanray's filing on September 20, 1971 would be untimely. We conclude that the evidence is conflicting, and since we may not reweigh that evidence nor adjudge credibility, we are obliged to affirm.

Horizon's president and vice-president during 1971, both of whom personally took part in the construction of the

house on Lot 44, testified that the materials shown on the last delivery ticket were neither ordered by, delivered to, nor used by Horizon in the construction. The vice-president flatly contradicted testimony of one of Stanray's agents indicating the contrary. Neither of the two officers of Horizon recognized the signature on the July 21 delivery ticket as belonging to anyone authorized by Horizon to pick up materials from Stanray's office and haul them to the building site. Inasmuch as the evidence was conflicting, and reasonable men could have reached the same conclusion as did the trial court that the items shown on the final delivery ticket were not ordered, received, or used by Horizon, the court's finding that Stanray's lien was invalid because notice thereof was not timely filed is not contrary to law. *See Lamb* v. *Condor, supra.*

Our holding that the trial court did not err in finding Stanray's lien invalid on the ground of an untimely notice effectively moots Stanray's third asserted error as to the court's finding that Stanray's notice was in an improper form, since a purported lien failing to meet any of the statutory requirements is invalid. *See Gooch* v. *Hiatt, supra.* Stanray's final allegation of error respecting the trial court's refusal to give Stanray's lien priority over the lien claimed by Union is similarly mooted by our affirmance of the trial court's finding that the lien was invalid.

Affirmed by the Second District.

Robertson, C.J. (sitting by designation) and White, J., concur.

NOTE.—Reported at 342 N.E.2d 645.