RAY–RON CORP., d/b/a Noble Roman's Pizza, Ronald W. Horsfield and Robert A. Yaggi, Jr., Appellants (Defendants Below),

v.

DMY REALTY COMPANY, Appellee (Plaintiff Below).

No. 2–1184A333.

Court of Appeals of Indiana, Second District.

Dec. 5, 1985.

John W. Purcell, Hudnall A. Pfeiffer, Baker & Daniels, Indianapolis, for appellants (defendants below).

Clarence H. Doninger, Patricia Seasor Bailey, Stark Doninger Mernitz & Smith, Indianapolis, for appellee (plaintiff below).

SULLIVAN, Judge.

Ray-Ron Corporation, d/b/a Noble Roman's Pizza, and the two individual defendant-appellants, Yaggi and Horsfield, challenge the trial court's entry of partial summary judgment upon motion filed by DMY Realty. For reasons which follow, we *sua sponte* dismiss this appeal as untimely.

Ray-Ron and DMY executed an agreement on September 6, 1972, for the lease of a building adjacent to a shopping center also owned by DMY. The use of the premises was limited, by provision in the lease, to the operation of a "[r]estaurant and/or retail sale of liquor and associated commissary." The operation was strictly limited to that use, absent DMY's written consent.

The lease also provided that except for a Village Pantry, DMY would not permit the sale of competitive food or beverage products within the shopping center. (The "non-competition clause".)

Ray-Ron agreed to pay rent in the fixed amount of $13,200 payable in equal monthly installments. In addition, Ray-Ron was required to pay a percentage rent based upon the amount of gross sales. "Gross sales" as defined, included the total price of all sales of food, beverages, merchandise and services by Ray-Ron.

After some years, problems with interpretation of the lease provisions developed between the parties. DMY filed its original complaint requesting declaratory relief with respect to interpretation of the non-competition clause. DMY also asserted that Ray-Ron had violated the use-restriction provision of the lease by placing several video game machines on the premises, and breached the rent-payment provision by failing to include proceeds from the video games as part of gross sales. Ray-Ron denied that its actions constituted a breach of the lease, and asserted the affirmative defense of waiver.

DMY's motion for partial summary judgment reiterated the alleged instances of breach and requested that the trial court enter an order directing Ray-Ron to vacate the leased premises.[1] Ray-Ron again denied the allegation of breach, and alleged alternatively that the breach was not sufficiently material to invoke the termination provision of the lease.

■ The trial court's judgment, which is the source of this purported appeal, is reflected in a record entry, dated October 9, 1984:

"Defendant's Motion for Change of Venue from the County denied. Plaintiff's Motion for Partial Summary Judgment granted." Record at 178.

The parties have phrased their arguments upon the assumption that the above entry constitutes a partial summary judgment, that is, a judgment upon fewer than all of the claims or as to less than all the parties. Ind.Rules of Civil Procedure, Trial Rule 54(B). Assuming this to be true, an issue we need not here decide, the entry does not comport with Trial Rule 54(B).

Trial Rule 54(B) states that a judgment is not final unless the trial court in writing expressly determines that there is no just reason for delay and in writing expressly directs entry of judgment. *Geyer v. City of Logansport* (1974) 2d Dist.Ind.App., 317 N.E.2d 893. *Accord, Creech v. Southeastern Indiana R.E.M.C., Inc.* (1984) 1st Dist. Ind.App., 469 N.E.2d 1237, 1240. The trial court made no such determination in this instance. We therefore look to Trial Rule 56(C), which provides specifically for summary judgments.

■ It states:

"A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties *shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties.* The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts." (Emphasis supplied.)

Again, there was no such determination made by the trial court and the judgment was clearly interlocutory. Therefore, unless appealable under the provisions of Appellate Rule 4(B), the entry is not reviewable by this Court at this time.

---

1. Section 18.01 of the lease permitted DMY, upon any default by Ray-Ron, to take possession of the premises, with recourse against Ray-Ron for damages resulting from the breach.

Appellate Rule 4(B) speaks in terms of "orders." Although the entry purports to resolve some issue or issues between the parties, there is no indication that the trial court entered any order directing Ray-Ron to vacate the premises and deliver possession of same to DMY. A.R. 4(B)(1). Neither has there been a certification pursuant to Appellate Rule 4(B)(6).

In fact the record reflects that DMY filed a "Petition for Writ of Assistance" requesting that the trial court enter an order requiring Ray-Ron to vacate the leased premises. The petition apparently remains unresolved for Ray-Ron filed its appeal barely three days after the filing date of DMY's petition.

The general statement that the motion for partial summary judgment was granted cannot reasonably be interpreted as an appealable order pursuant to Appellate Rule 4(B). *See Stanray Corporation v. Horizon Construction, Inc.* (1976) 2d Dist., 168 Ind.App. 164, 342 N.E.2d 645, 650–652; *State v. Collier* (1975) 1st Dist., 165 Ind. App. 239, 247, 331 N.E.2d 784, 789. *Cf., Fairwood Bluffs Conservancy District v. Imel* (1970) 146 Ind.App. 352, 255 2d.App. 674, 683 ("a ruling which purports to mere-ly sustain a plea in bar [motion to dismiss] and assess costs ... is not a final judgment.")

 Under these particular circumstances, we are unwilling to exercise our discretion to consider this appeal pursuant to Appellate Rule 4(E)[2] because the trial court's entry failed to identify which of the various, inter-related claims were embodied in the "judgment". *See e.g. Krueger v. Bailey* (1980) 3d Dist.Ind.App., 406 N.E.2d 665, 667; *Highland Realty, Inc. v. Indianapolis Airport Authority* (1979) 2d Dist., 182 Ind.App. 439, 395 N.E.2d 1259. We necessarily conclude that Ray-Ron's purported appeal is untimely and unreviewable.

The appeal is dismissed.

MILLER, J. (participating by designation) and SHIELDS, J., concur.

---

**2.** "No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."