David RADBEL, b/n/f Barbara and Neal Radbel, Barbara M. Radbel, Neal R. Radbel and Jonathan Radbel b/n/f Barbara and Neal Radbel, Appellants (Plaintiffs Below),

v.

MIDWESTERN ELECTRIC, INC., State of Indiana, Crouse–Hinds, Inc., Meade Electric Company, Inc., Traffic Control Technologies, Inc., and Crescent Electric Company, Inc., Appellees (Defendants Below).

No. 46A04–8712–CV–377.

Court of Appeals of Indiana, Fourth District.

Jan. 30, 1989.

Saul I. Ruman, Thomas A. Clements, David M. Hamacher, Saul I Ruman & Associates, Hammond, for appellants.

David W. Pera, Whitted and Buoscio, Merrillville, for appellees.

CONOVER, Presiding Judge.

Plaintiffs–Appellants David and Jonathon Radbel, by next friends Barbara and Neal Radbel (Radbels), appeal the trial court's grant of partial summary judgment in favor of Defendant–Appellee Meade Electric Co., Inc. (Meade). Judgment has not yet been entered on claims involving Defendants–Appellees Midwestern Electric, Inc., State of Indiana, Crouse–Hinds, Inc., Traffic Control Technologies, Inc., and Crescent Electric Co., Inc.

We dismiss.

*Sua sponte,* we hold the sole issue properly before this court is whether the trial court's entry of partial summary judgment was an appealable final order.

In October, 1983, Barbara Radbel and her two minor sons, David and Jonathon, traveled westbound through an intersection controlled by a traffic light. At the same time, Charles Parks (Parks) drove his car in a northbound direction through the same intersection. Parks's automobile collided with the Radbels' automobile, causing injury to all three of the Radbels. At the time of the collision, the traffic light guiding the Radbel automobile displayed a green signal, while the traffic signal guiding Parks displayed no color.

The Radbels filed an initial complaint against Parks, Midwestern Electric, Inc., and L.C. Campbell, who was the owner of the automobile Parks was driving. They later amended their complaint to include several other defendants, including Meade.

Meade, a sub-contractor, purchased and installed electrical equipment, including the controller box and mechanisms which allegedly caused the malfunction of the traffic light. Meade's job was to purchase various parts and assemble them into functioning traffic signals.

In their complaint against Meade, the Radbels alleged negligent installation, maintenance, inspection and repair of the traffic signal.[1] Thereafter, Meade filed its motion for summary judgment. After hearing argument and reading memoranda on the issue, the trial court granted partial summary judgment in favor of Meade. The trial court stated:

The defendant Meade Electric Company, having filed its Motion for Summary Judgment herein on the 19th day of February, 1987, and the said motion having been submitted to the Court on the 19th day of May, 1987; and the Court having taken said motion under advisement and having considered said motion, together with all of the supporting material does now find that the opposing evidence submitted by the plaintiff does not comply with Trial Rule 56E, as it does not "set forth specific facts showing that there is a genuine issue for trial".

IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court as follows:

1) That the Motion for Summary Judgment heretofore filed by the defendant Meade Electric Company be, and the same is hereby granted.

2) That the plaintiff take nothing by way of their complaint against the defendant Meade Electric Company.

3) That the defendant Meade Electric Company be, and it hereby is, dismissed from this cause of action.

(R. 539).

Our Indiana Rules of Procedure contain two provisions governing the finality of

orders or rulings of the trial court which adjudicate fewer than all the issues against all the parties. *Stanray Corp. v. Horizon Construction, Inc.* (1976), 168 Ind.App. 164, 342 N.E.2d 645, 650. The general rule concerning partial adjudication is Ind.Rules of Procedure, Trial Rule 54(B), which states:

(B) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the claims or parties only upon an express determination that *there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates *fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. *A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, ... and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment,* decision or order *as to less than all the claims and parties is not final.* (Emphasis supplied).

When the partial adjudication results from summary judgment, Ind.Rules of Procedure, T.R. 56(C) states, in pertinent part:

---

1. The Radbels' original complaint did not encompass a products liability theory; however, in their Memorandum in Opposition to the Motion for Summary Judgment, they argued Meade had negligently or recklessly violated the duties of a seller or a party who otherwise puts a defective product into the stream of commerce. Meade's

liability based on a products liability theory is the basis for the Radbels' appeal. Meade contends this is not a proper issue for appeal because the strict liability theory was not raised in the complaint, thus not properly pleaded. We decline to comment on this issue in light of our dismissal of this case on unrelated grounds.

(C) Motion and Proceedings Thereon.... A summary judgment may be rendered upon less than all the issues or claims, including without limitation the issue of liability or damages alone although there is a genuine issue as to damages or liability as the case may be. A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties *shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties.* The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts.... (Emphasis supplied).

■ Therefore, any order or other form of decision which disposes of less than all of the issues or parties is not final and appealable unless the trial court (1) expressly determines in writing there is no just reason for delay, and (2) in writing expressly directs the entry of judgment thereon. *Stanray*, 342 N.E.2d at 651; *Geyer v. City of Logansport* (1974), Ind. App., 317 N.E.2d 893, 896. Such determinations by the trial court amount to a "certification" that a particular judgment is ripe for review. *Stanray, supra.* A partial summary judgment is not appealable unless the express determinations required in T.R. 54(B) and T.R. 56(C) are made. *Id.* at 652. Absent this certification by the trial court, the partial judgment is interlocutory in nature. *Creech v. Southeastern Indiana R.E.M.C.* (1984), Ind.App., 469 N.E.2d 1237, 1240, *trans. denied.* Further, under T.R. 56(C), a summary judgment rendered upon less than all the issues or with respect to less than all the parties is interlocutory.

■ Here, the trial court did not expressly determine there was no just reason for delay, nor did it expressly direct entry of judgment. Consequently, there was no certification and the judgment was not an appealable final order.

Unless appealable under Ind.Rules of Procedure, Appellate Rule 4(B), the judg-

ment is not now reviewable by this court. *Ray–Ron Corp. v. DMY Realty Co.* (1985), Ind.App., 485 N.E.2d 937, 939 (reversed on other grounds). A.R. 4(B) provides:

... appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

. . . . .

(6) Any other interlocutory order, *if the trial court certifies* and the court on appeal or a judge thereof finds on petition that:

(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate. The petition under subsection (6) of subdivision (B) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any. (Emphasis supplied).

Here, the provisions of subsections (1) through (5) are inapplicable to the facts of this case. Subsection (6) is also inapplicable because the trial court did not certify its summary judgment. Therefore, the trial court's judgment was not an appealable final order and we may not review the case at this time.

DISMISSED.

MILLER and BUCHANAN, JJ., concur.