David RADBEL, b/n/f Barbara and Neal RADBEL, Barbara M. Radbel, Neal R. Radbel and Jonathan Radbel b/n/f Barbara and Neal Radbel, Appellants (Plaintiffs Below),

v.

MIDWESTERN ELECTRIC, INC., State of Indiana, Crouse–Hinds, Inc., Meade Electric Company, Inc., Traffic Control Technologies, Inc., and Crescent Electric Company, Inc., Appellees (Defendants Below).

No. 46A04–8712–CV–377.

Court of Appeals of Indiana,
Fourth District.

Feb. 19, 1990.

Saul I. Ruman, Thomas A. Clements, David M. Hamacher, Saul I Ruman & Associates, Hammond, for appellants.

David W. Pera, Whitted and Buoscio, Merrillville, for appellees.

ON PETITION FOR REHEARING

CONOVER, Judge.

In a published opinion dated January 30, 1989, 533 N.E.2d 181, we *sua sponte* concluded the trial court's entry of partial summary judgment was not an appealable final order. Therefore, we dismissed the case. Radbel filed a petition for rehearing which we now grant.

Radbel alleges this court erred in dismissing the case because a final, appealable judgment was eventually entered. To understand Radbel's contention, a brief recitation of the procedural history of the case is in order. On May 26, 1987, the trial court granted partial summary judgment. However, it did not expressly determine there was no just reason for delay and direct entry of judgment, as required by Ind. Trial Rules 54(B) and 56(C). Instead, on July 24, 1987, Radbel filed his motion to correct errors. On November 30, 1987,

more than six months later, the trial court amended its original order of partial summary judgment, *nunc pro tunc*, to state there was no just reason for delay and judgment should be entered in favor of defendant Meade Electric. Contrary to Meade's assertions now, our original dismissal order was correct.

 It is undisputed the trial court's original order was not a final appealable judgment. Any order or other form of decision which disposes of less than all of the issues or parties is not final and appealable unless the trial court (1) expressly determines in writing there is no just reason for delay, and (2) in writing expressly directs the entry of judgment thereon. *Stanray Corp. v. Horizon Construction, Inc.* (1976), 168 Ind.App. 164, 342 N.E.2d 645, 651. Such determinations by the trial court amount to a "certification" a particular judgment is ripe for review. *Stanray, supra.* Absent this certification by the trial court, the partial judgment is interlocutory in nature. *Creech v. Southeastern Indiana R.E.M.C.* (1984), Ind.App., 469 N.E.2d 1237, 1240, *trans. denied.* Our rules specifically state a partial summary judgment order which does not include the required language, as the original order by this trial court did not, *"shall be"* interlocutory. T.R. 56(C). Consequently, Radbel could not bring a direct appeal, as he attempted to do.

Radbel's only option at the time he initiated his appeal was to bring an interlocutory appeal. This he did not do. Unless appealable under Ind. Appellate Rule 4(B), the judgment was not reviewable by this court. Radbel's claim was not appealable under any of the provisions of App.R. 4(B). The provisions of subsections (1) through (5) are inapplicable to the facts of the case. Subsection (6) is also inapplicable because the trial court did not certify its summary judgment. Thus, Radbel's appeal was not interlocutory in nature.

Radbel seems to assume the trial court's amendment of its order, seven months after entry of its original order and after the initiation of this appeal, created a final appealable order on which his appeal could be based. Radbel's assumption is incorrect.

We had no jurisdiction to hear a direct appeal by Radbel until a final appealable order was entered. Such an order was entered on December 21, 1987. Radbel filed his motion to correct error based on the original order five months prior to this date but this motion was, in essence, irrelevant for purposes of appeal based on the non-certification of the original order. He filed no motion to correct error and took no further steps to perfect an appeal based on the amended order, which was appealable. In addition, Radbel to date has failed to comply with the time requirements for perfecting such an appeal.

We have no appellate jurisdiction here. Upon rehearing, our original decision is affirmed.

BUCHANAN and MILLER, JJ., concur.