

I N  T H E

# Court of Appeals of Indiana

## M.K.D.-H. and S.P.H.

*Appellants-Respondents*

v.

## D.H.,

*Appellee-Petitioner*



FILED

Nov 06 2024, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

November 6, 2024

Court of Appeals Case No.
24A-MI-1266

Appeal from the Scott Superior Court

The Honorable Bradley B. Jacobs, Special Judge

Trial Court Cause No.
72D01-2302-MI-7

**Opinion by Judge Brown**
Judges Mathias and Kenworthy concur.

**Brown, Judge.**

[1] M.K.D.-H. and S.P.H. ("Adoptive Parents") appeal the trial court's order granting a petition filed by D.H. ("Grandfather") for visitation with his biological grandchild, J.R.H. ("Child"). We find one issue dispositive, which is whether the trial court's order is an appealable order. We dismiss.

## Facts and Procedural History

[2] In December 2022, the Scott Superior Court entered a decree of adoption under cause number 72D01-2210-AD-44 which granted a petition filed by Adoptive Parents to adopt Child. On February 16, 2023, Grandfather filed a petition for grandparent visitation in the Scott Superior Court under cause number 72D01-2302-MI-7 ("Cause No. 7").

[3] On May 2, 2024, the trial court entered an order under Cause No. 7 finding that Grandfather had standing to request visitation, granting Grandfather's request for visitation, and ordering "the parties to mediation or to work with a parenting time coordinator to determine a visitation schedule. If this does not result in an agreement, [Grandfather] is directed to submit an order for a hearing to determine a visitation schedule."[1] Appellant's Appendix Volume II at 12. On May 29, 2024, Adoptive Parents filed a notice of appeal in which

---

[1] The order was signed on April 30, 2024, and entered into the chronological case summary on May 2, 2024.

they asserted that the May 2, 2024 order was a final judgment "as defined by Appellate Rule 2(H) and 9(I)."[2] Notice of Appeal at 2.

## Discussion

[4] The dispositive issue is whether the trial court's May 2, 2024 order is an appealable order. Grandfather argues that the trial court's order is not a final appealable order. Adoptive Parents argue that an appealable order must merely dispose of "some distinct and definite branch of the proceedings leaving no further question for future determination by the trial court as to that particular issue." Appellants' Reply Brief at 9 (citing *Krick v. Farmers and Merchants Bank of Boswell*, 151 Ind. App. 7, 279 N.E.2d 254 (1972)). They assert that the issue of whether Grandfather is a grandparent with a right to visitation has been determined by the trial court and "[t]his issue and branch of the proceedings leaves no further question for future determination by the trail [sic] court upon this issue."[3] *Id.* at 10.

[5] A party may appeal from a final judgment and certain interlocutory orders. *See* Ind. Appellate Rule 5; Ind. Appellate Rule 9(A). Ind. Appellate Rule 2(H) provides that a judgment is a final judgment if:

---

[2] Ind. Appellate Rule 9(I) provides: "In Administrative Agency appeals, the Notice of Appeal shall include the same contents and be handled in the same manner as an appeal from a Final Judgment in a civil case, notwithstanding any statute to the contrary. Assignments of error are not required. See Rule 9(A)(3). (See Form #App.R. 9-1)."

[3] Adoptive Parents do not raise any argument that the order constituted an appealable interlocutory order.

(1) it disposes of all claims as to all parties;

(2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

[6] To the extent Adoptive Parents argue that that the appealed order constituted a final judgment because it disposed of some distinct and definite branch of the proceedings, we disagree. In 1994, the Indiana Supreme Court observed that there was a time prior to the adoption of the Indiana Rules of Trial Procedure in 1970 "when an order or judgment as to less than all of the issues, claims, or parties in an action became final and appealable as of right because it disposed of 'a distinct and definite branch' of the litigation." *Berry v. Huffman*, 643 N.E.2d 327, 327-328 (Ind. 1994). The Court held that "Indiana Trial Rules 54(B) and 56(C) superseded the distinct and definite branch doctrine of finality

and that such appeals may now proceed only by leave of court."[4]  *Id.* at 328.

Specifically, the Court stated:

> We hold today that the certification requirements of Trial Rules
> 54(B) and 56(C) supersede the distinct and definite branch
> doctrine.  *Accord Stanray Corp. v. Horizon Construction, Inc.* (1976),
> 168 Ind. App. 164, 342 N.E.2d 645 (same); *see also Evansville-*
> *Vanderburgh School Corp. v. Evansville Teachers Ass'n* (1986), Ind.
> App., 494 N.E.2d 321.  Judgments or orders as to less than all of
> the issues, claims, or parties remain interlocutory until expressly
> certified as final by the trial judge.  To the extent that *Richards* [*v.*
> *Crown Point Community School Corp.*, 256 Ind. 347, 269 N.E.2d 5
> (1971)] and other cases support the distinct and definite branch
> doctrine, they are overruled.  Were we to hold otherwise,
> litigants would again be left to guess whether or not a given order
> was appealable.  This is precisely the situation that T.R. 54(B)
> and 56(C) were drafted and adopted to prevent.

---

[4] Ind. Trial Rule 54(B) currently provides:

> When more than one [1] claim for relief is presented in an action, whether as a claim,
> counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the
> court may direct the entry of a final judgment as to one or more but fewer than all of the
> claims or parties only upon an express determination that there is no just reason for delay
> and upon an express direction for the entry of judgment.  In the absence of such
> determination and direction, any order or other form of decision, however designated,
> which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the
> parties shall not terminate the action as to any of the claims or parties, and the order or
> other form of decision is subject to revision at any time before the entry of judgment
> adjudicating all the claims and the rights and liabilities of all the parties.  A judgment as to
> one or more but fewer than all of the claims or parties is final when the court in writing
> expressly determines that there is no just reason for delay, and in writing expressly directs
> entry of judgment, and an appeal may be taken upon this or other issues resolved by the
> judgment; but in other cases a judgment, decision or order as to less than all the claims and
> parties is not final.

Ind. Trial Rule 56(C) currently provides in part that "[a] summary judgment upon less than all the
issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory
unless the court in writing expressly determines that there is no just reason for delay and in writing
expressly directs entry of judgment as to less than all the issues, claims or parties."

*Id.* at 329. *See also Martin v. Amoco Oil Co.*, 696 N.E.2d 383, 385 (Ind. 1998) (discussing *Berry* and holding: "This logic applies with equal force to class certification orders and, indeed, to all orders or judgments which are not 'final' under the requirements of Trial Rule 54(B). Were this not so, the rule would undoubtedly be swallowed by its own exceptions. The distinct and different branch doctrine, superseded by our adoption of the Indiana Rules of Trial Procedure as explicitly stated in *Berry,* would live on in practice if not in word. . . . We adopted Rules 54(B) and 56(C), based on the federal model, in an effort to provide greater certainty to litigating parties and to strike an appropriate balance between the interests in allowing for speedy review of certain judgments and in avoiding the inefficiencies of piecemeal appeals. Unsatisfactory experiences with the common law 'distinct and different branch of litigation' doctrine, which often lead to inefficient and unjust results, had much to do with the change."), *cert. denied*, 525 U.S. 1049, 119 S. Ct. 608 (1998).

[7]     While the May 2, 2024 order granted Grandfather's request for visitation, the order did not dispose of all claims as to all parties. Rather, the trial court merely ordered the parties to mediation or to work with a parenting time coordinator to determine a visitation schedule and directed Grandfather to submit an order for a hearing to determine a visitation schedule if the mediation or work with a parenting time coordinator did not result in an agreement. The order did not state that there was no just reason for delay under Ind. Trial Rule

54. We cannot say that the May 2, 2024 order constitutes a final judgment.[5] *See Bacon v. Bacon*, 877 N.E.2d 801, 804 (Ind. Ct. App. 2007) (holding that the trial court's order appointing a parenting coordinator did not dispose of the issue of visitation), *reh'g denied*, *trans. denied*.

[8] Adoptive Parents are therefore appealing from an interlocutory order. Parties are permitted to appeal "as a matter of right" certain interlocutory orders.[6] The court's order does not fall under any of these categories. Thus, Adoptive Parents were not entitled to appeal the order as a matter of right. An appeal may be taken from other interlocutory orders if the trial court certifies its order and this Court accepts jurisdiction over the appeal, Ind. Appellate Rule 14(B), or if an interlocutory appeal is provided by statute. Ind. Appellate Rule 14(D).

---

[5] We note that this Court entered an order on July 12, 2024, denying Adoptive Parents' Motion for Stay of Proceedings. Further, Indiana's Odyssey Case Management System indicates that a Report of Mediation was filed on October 3, 2024, and that the trial court scheduled a hearing for November 1, 2024.

[6] Ind. Appellate Rule 14(A) provides:

> Appeals from the following interlocutory orders are taken as a matter of right by filing a Notice of Appeal with the Clerk within thirty (30) days after the notation of the interlocutory order in the Chronological Case Summary:
> (1) For the payment of money;
> (2) To compel the execution of any document;
> (3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;
> (4) For the sale or delivery of the possession of real property;
> (5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;
> (6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;
> (7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;
> (8) Transferring or refusing to transfer a case under Trial Rule 75; and
> (9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

There is no indication that Adoptive Parents sought certification from the trial court or permission from this Court to file a discretionary interlocutory appeal, and they have not stated a statutory right to appeal.

[9] For the foregoing reasons, we dismiss Adoptive Parents' appeal of the trial court's May 2, 2024 order.

[10] Dismissed.

Mathias, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANTS

Joseph Leon Payne
Payne Law Office, LLC
Austin, Indiana

ATTORNEYS FOR APPELLEE

Larry O. Wilder
Jeffersonville, Indiana

Sadie Rothrock
Certified Legal Intern
Jeffersonville, Indiana